By the Court :
The plaintiff had been employed to support a pauper, chargeable on New Haven township, at a stipulated price. Having performed the contract on her part, and payment being withheld, she instituted a suit against the trustees of the township, before a justice of the peace, and recovered a judgment for the amount due. The defendants removed the proceeding by certiorari to the common pleas. A number of reasons were assigned for setting them aside. Those on which the case turned were:
First. That no suit can be sustained by an individual against a township.
iSecond. That a township, being a body corporate, can not be sued before a justice of the peace.
The court of common pleas gave judgment that the record be quashed, annulled, and held for naught, and that plaintiffs in certiorari recover their costs.
The case has been removed to this court by writ of error. The errors relied on by the plaintiff present four questions:
1. Can a suit be sustained against a township by an individual?
2. Can a township, being a body corporate, be sued before a justice of the peace?
3. If a justice have jurisdiction, may the suit be brought in the name of the trustees, or must it be in the name of the township ?
4. Was it the duty of the court, having quashed the proceedings, to'retain the cause for a hearing on the merits?
First. The act for the incorporation of townships, section 1, *214 provides, in general terms, that “they shall be capable of suing and being sued.” It does not designate the persons *by whom suits may be brought, nor does it exclude any from bringing them. It makes no discrimination. The right of maintaining a suit is general, and may be improved by an individual, a company, or a corporation. This objection, therefore, was not well taken, and can not be sustained.
Second. The second ground taken in support of the judgment of the court below is, that a body corporate can not be sued before a justice of the peace. In support of this position, it is contended that the jurisdiction of justices was designed by the legislature to extend only to causes requiring a personal appearance, and in which the defendant is sued in his own-right. 2 Bac. 11; Way v. Carey, 1 N. Y. Term, 191; Jones v. Reid, Id. 594, are relied on to support the doctrine.
Section 5 of the act defining the duties of justices of the peace, declares that, in civil cases, their powers shall be co-extensive with their townships, and that their jurisdiction in all such cases shall extend, under the limitations and restrictions therein contained, to any sum not exceeding one hundred dollars. The limitation referred to is in section 52, which has no reference to the case before us. That section contains the only limitation imposed on the jurisdiction of a justice, and it does not restrict it in cases where corporations are parties.
But this question seems to be put at rest by section 1 of the act providing for the incorporation of townships, which declares that “they shall be capable of suing and of being sued, pleading and being impleaded, in any court of law or equity in this state.” The justices’ court was established before the passing of this act. It was in existence at the time, and is clearly embraced in the terms that are used. In order to render the case of Way v. Carey applicable, it ought to have been shown that the statutes of Ohio and of Now York, in relation to the jurisdiction of justices of the peace, are substantially alike. This, however, is not done. On the contrary, we must presume, from the language used, that they are substantially variant. We have no objection to the principles laid down in the case of Jones v. Reid, that inferior jurisdictions should bo confined strictly to the authority given them; and that, while liberality is exercised in reviewing their proceedings, as far as respects regularity and *form, they should be held *215 strictly to the limits of jurisdiction, prescribed by the statute. But, at the same time, we feel no disposition to encroach on the powers that are expressly given him. The inconvenience that may attend the exercise of particular jurisdictions, or the want of efficacy in the means prescribed to execute judicial decisions, belong to the legislative dejmrtment. They have given to the Supreme Court a general power over all other judicial tribunals of this state, but in matters of jurisdiction clearly given we have no discretion, nor can we restrain the exercise of it, unless it is manifestly unwarranted by the constitution.
Ihird. The third inquiry is, can a suit be brought in the name of the trustees, or must it be in the name of the township? Statutes creating corporations usually give them corporate names, and authorize them to sue and be sued by the name so given. Hence the general rule, that in suits by or against corporations, the corporate name must be strictly adhered to. Our statute incorporating townships enacts that the townships which have been, or that shall hereafter be laid off, shall be bodies politic, and corporate; and that they shall be capable of suing and being sued, etc. It does not give them corporate names, nor does it direct by what names suits shall be commenced and carried on, for or against them.
Section 5 of the act for the relief of the poor, under which the claim of this plaintiff originated, directs, that when persons become chargeable in a township, in which they have not gained a settlement, the.overseers of the poor of such townships, shall remove them to the township, where they were last legally settled; and that the overseers of the poor of such townships, shall receive and provide for them; and that the township in which they have gained a settlement, shall pay the overseers of the township which have supported and removed them all reasonable charges, etc.; and on a refusal, may be compelled by an action of debt, brought against the trustees of said township; and the trustees of each and every township are hereby empowered to sustain said action against the trustees of' any other township in this state. In this section, the phrases, “the township, the overseers of the township and the trustees of the township,” seem to be used promiscuously, as synonymous ^expressions. On the removal of a pauper, the township to which ho is removed, is made liable to the overseers of the township from which he is removed, and on default *216 of payment, the trustees of the one township may maintain'an ac« tion against the trustees of the other.
The statutes, to say the least of them, are not as explicit as they might be, but the most obvious construction of them seems to be, that the suit should be brought against the trustees, and not against the township by its name. It was not intended to render these corporations liable in some cases by process against their trustees,- and in others by process in a different name, and as section 5 directs suits for the benefit of townships to be brought against the trustees of other townships, the conclusion seems to be, that that should be the form of the process in all cases. The effect of the judgment, or the extent of its lien, will be the same whether it be brought against the township, as the defendant, or against the trustees. In either case the rights of the corporation alone will be bound to answer the amount.
There is not anything in the nature of the case, or in the proceedings to be had in it, incongruous with the rule here adopted. The suit may be carried on to final judgment in either way, with equal facility, and with equal conformity to the rules of pleading. Had the legislature given appropriate names to these corporations, or directed by what name, or style they might sue and be sued, it is as probable that they would have adopted the one form as the other, and as far as their preference is indicated by the laws, it is in favor of the mode now adopted. The trustees are the persons by whom the business of the township is principally conducted. They manage their funds, and generally represent them in all their concerns. There seems, therefore, to be a propriety in designating them as the persons by whom, and against whom, legal proceedings are to be carried on, in cases affecting the rights of townships. But this branch of the case presents another question, involving at least an equal difficulty.
Is it proper to sue the trustees, as such, by their individual names, or by the general appellation of “ the trustees of the township?” The suit must be considered as brought against *the corporation, which has perpetual succession ; if, therefore, it be brought in the name of the trustees, they ought to be designated in such away as to represent the corporation, with its incident of uninterrupted succession. There should not, at any stage of the proceedings, bean incongruity between the form and the substance, or between the form of designating the party, and the real party. *217 If the same trustee could be co-existent with the corporation, there would be less impropriety in naming them. But this is impracticable. They are liable to be changed every year. This circumstance is sufficient to show, that it is not only unnecessary, but improper to set out the names of the trustees.
We have always treated the proceedings of justices of the peace with great liberality and indulgence, and have referred their irregularities, as far as possible, to form, so as to admit of amendment, whenever it could be done, without violating any established rule of law or practice. . On this point there has not been any adjudication or any established or uniform mode of proceeding. Suits have been brought, and judgments rendered in both forms, in cases in which the question was not raised. The names of the trustees, as they appeared on the transcript of the justice, may be considered as surplusage, and may be erased without affecting the sense and meaning.
In many cases where defendants are sued as administrators, the naming of them administrators is considered to be surplusage, and judgment rendered against them de bonispropriis. This transcript shows that the suit was commenced against “ Fisley, Barrey, and Palmer, trustees of New Haven township.” The manifest design of the plaintiff was to sue the corporation, and from what has been just stated, the process should have been against the “trustees of New Haven township;” so that an erasure of the names will leave the transcript as it ought to have been in the first instance, and as it was the intention of the party that it should be when she applied to the justice for process. If it be said that this is an unusual extension of the privilege of amendment, we refer the objector to the consequences that would follow were we to require of justices the same attention to regularity and form which has been considered necessary in the proceedings of courts of record. The *fact is that this court has always taken great latitude of discretion in deciding upon the proceedings of inferior tribunals of limited jurisdiction, except on questions involving their right of jurisdiction, and we have done so from a conviction that a different course would not only destroy their usefulness, but render them in a great degree deceptive and mischievous. Continuing to act on this principle, the names of the trustees are considered as surplusage, and subject to be amended at any time. The court of common pleas, therefore, erred in quashing the proceedings of the justice.
*218 The opinion already given renders it unnecessary to consider the last point, though it would seem at first view that if the opinion of the court below could have been sustained on other grounds, that objection could not have prevailed. For if the magistrate had not jurisdiction of the case, or if the township was not liable to answer to the suit of an individual, no valuable purpose could be answered by retaining the cause, and further proceedings would only have produced unnecessary cost.
Judgment reversed.