MILLER <i>vs.</i> WATSON.

A declaration was permitted to be *amended* by adding a count setting forth a special agreement, nine years after the commencement of the suit, and after three trials had at the circuit ; *the agreement having been proved* at each trial, without objection to the declaration, and the *statute of limitations* having run so as to bar a new action:

Dec. 23.

MOTION to amend declaration. The defendant had sold lands to the plaintiff, and executed a deed with *warranty*. An action of ejectment was commenced against the plaintiff by a third person, and the plaintiff, by the advice of the defendant, surrendered possession to the claimant, upon the *promise* of the defendant to repay to him such part of the consideration money as had been received of him, together with the interest thereof ; a statement was made by the defendant on the 15th July, 1816, of monies received by him of the plaintiff, which, with the interest thereon, amounted to $1026,85. In March, 1822, the plaintiff commenced an action of *assumpsit*, to recover back the monies paid by him ; his declaration contained only the *common money counts*, and

a count on an *insimul computassent;* the defendant pleaded the general issue and the statute of limitations. Three trials were had at the circuit: in the first the plaintiff had a verdict, which was set aside by this court, and a new trial ordered; in the second the plaintiff was nonsuited, and the nonsuit was set aside; and in the third trial the plaintiff again had a verdict, which was again set aside, and a new trial ordered. *See 5 Cowen,* 195. *7 id.* 39, *and 4 Wendell,* 267. When the case was last before the court it was held that the plaintiff was not entitled to recover, either upon the *money counts,* or upon *an account stated;* that to entitle him to recover, *he was bound to set forth the special contract in his declaration,* and shew a performance thereof on his part. The plaintiff now asked leave to amend, on an affidavit, stating that *the evidence of the special contract was given on each of the three trials,* and that no objection was taken at such trials to the form of the declaration, and that if the suit be discontinued the plaintiff will lose his demand, by reason of the running of the statute of limitations.

*A. Gibbs,* for plaintiff, cited 2 *Cowen,* 515; 4 *id.* 126, 530; 18 *Johns. R.* 120; 19 *id.* 29.

*H. Bleecker,* for defendant, cited 1 *Wils.* 149; 2 *Johns. R.* 206; 2 *T. R.* 707; 1 *Dunlap's Pr.* 294.

*By the Court,* SUTHERLAND, J. In the case of *Sackett v. Thompson,* 2 *Johns. R.* 206, the court refused to allow an amendment by the substitution of a new count, or the adding of new counts, it appearing that after a trial, and before the jury rendered their verdict, the plaintiff had voluntarily submitted to a nonsuit, brought a new suit for the same cause of action, and four times noticed the last suit for trial. From the remark in that case, that the statute of limitations had not run out, and from the adjudged cases adverted to by the court, it is manifest that circumstance had a controlling influence in the denial of the motion. Here, unless the plaintiff be permitted to amend, the statute will be a bar to a new action. Although more than six years have elapsed

ALBANY,
Dec. 1830.

since the commencement of this suit, the defendant cannot claim the protection of the statute, unless it had run out before the suit was brought, and if so, he may plead it anew; subsequent to the commencement of the suit, there can be no presumption of payment. The plaintiff is permitted to amend by adding a new count, setting forth the contract, upon payment of all costs subsequent to the declaration upon which the issues were taken.