## FLOWER'S EXECUTORS *vs.* GARR.

In an action of *assumpsit* for *money had and received,* brought by *executors* counting *upon promises to the testator,* an amendment was allowed *after a report of referees,* by permitting the plaintiffs to allege the *promises to have been made to them as executors :* it appearing on the hearing, that the moneys were received by the defendant subsequent to the death of the testator, though upon a retainer anterior to that time.

The only costs allowed the defendant, were those of preparing to set aside the report, and of opposing the motion.

It was held no objection to the motion that the cause was brought into this court by *certiorari* from a court of common pleas ; the same power being exercised in such cases over the pleadings, which is exercised in suits brought here originally.

THIS action was commenced in 1824, in the New-York, C. P., and after declaration was removed into this court by certiorari. The action was brought to recover moneys which, as was alleged, the defendant had collected for the testator in the Havana. The declaration contained counts upon promises *to the testator* only.

The cause having been referred, was heard by the referees in September and October last, and a report was made for the plaintiffs for $1,200.36. On the hearing it appeared that the money had been received by the defendant *after the death of the testator*, though the original retainer was anterior to that time. In his summing up, after the evidence had been closed, the defendant for the first time objected, that the proofs did not support the declaration, which contained no count upon promises to the executors as such; and this objection being overruled by the referees, the defendant prepared papers for a motion to set aside their report.

*S. Stevens*, for the plaintiffs, now moved to amend the declaration by adding counts upon promises to the executors as such.

*J. L. Wendell*, contra.

*By the court*, BRONSON, J. This money belonged to the testator, but was received by the defendant after his death, by virtue of a previous retainer as his attorney. Whether in suing for it the plaintiffs name themselves as executors or not, the money, when collected, will be assets in their hands for the payment of the testator's debts. *Shipman* v. *Thompson*, *Willes' R.* 103. The executors, not knowing at what precise time the money was received by the defendant, have counted upon promises to the testator. But it turns out that the money came to the defendant's hands after the testator's death; and thus we have a variance between the pleadings and proofs, which the plaintiffs wish to get rid of by amending their declaration and adding counts upon promises to themselves as executors. It is not a new cause of action which the plaintiffs wish to set up, but a proper description of the cause of action which has been litigated between the parties. It is in this respect like the case of *Miller* v. *Watson*, 6 *Wendell*, 506, where the plaintiff was allowed to add a count on the special agreement between the parties, after the same matter had been tried upon the common counts. It is like that case

in another respect, for here the statute of limitations will have run if the plaintiffs are turned round to a new action. In *The Executors of Marlborough* v. *Widmore*, 2 *Str.* 890, the plaintiffs counted on a promise to their testator, and after issue joined on a plea of the statute of limitations, were allowed to amend by laying the promise to have been made to themselves.

I have already said, that this is merely a question of variance, and as such it cannot be distinguished from a great number of cases where we have allowed amendments after verdict for the purpose of obviating an objection taken on the trial. There is no pretence in the papers that the defendant has been misled. He fully understood the object of the action, and the cause has been litigated throughout without any reference to the form of the pleadings. It is not stated that the defendant ever thought of the objection himself until after the proofs had been closed. He has made his defence as fully as he could ever hope to make it if a new trial were granted. Under such circumstances, amendments have often been allowed after verdict, and for the purpose of upholding it. 18 *Johns. R.* 510. 2 *Cowen*, 515. 4 *Cowen*, 124. 7 *Cowen*, 483, 518. And of late, it has become almost a matter of course to grant such amendments, whether before or after trial, as the ends of substantial justice may require.

It is no objection to the motion that the cause came here from the common pleas by *certiorari*. Our power over the pleadings is as ample as it would be had the suit been originally brought in this court.

It is very difficult to lay down any general rule as to the terms upon which such amendments should be allowed. In this case, the defendant insists that he should have costs of the action since the time of declaring. But we think otherwise, and that he ought only to have costs since the objection for variance was taken. The plaintiffs may amend on payment of the costs of opposing this motion, and the costs of the defendant in preparing to set aside the report of the referees, and the subsequent proceedings thereon.

Ordered accordingly.