## THOMAS A. HILL, *Adm'r* vs. JOHN PENNY.

The administrator may maintain an action of trespass *de bonis asportatis* to recover the *value of trees* unlawfully cut on land of his intestate and carried away during his lifetime, but cannot recover damages for an injury done to the real estate.

Where the action originally was trespass *quare clausum* by an administrator against the defendant, for breaking and entering the close of the intestate, in his lifetime, and cutting and carrying away trees there standing, and for taking and carrying away a quantity of underwood lying upon the land, the Court has power to permit an amendment by adding a count, *trespass de bonis asportatis,* for the trees and underwood.

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

The action was brought by *Hill,* as administrator of the estate of *Starrett,* and the declaration alleged, that *Penny* on, &c. with force and arms broke and entered the close of said *Starrett,* who was then living, and being so entered cut down and carried away a large number of trees there standing and growing, and also took and carried away a large quantity of underwood lying on said land. *Starrett,* before his death, conveyed the land to *Morrison,* for

Hill *v.* Penny.

whose benefit this suit is brought, and the alleged trespass was before this conveyance. The plaintiff had leave to amend his declaration, and afterwards filed a count, trespass *de bonis asportatis*. The defendant objected, that this new count ought not to be received. The Judge overruled the objection, and allowed it to be filed as an amendment. The defendant then objected, that the action could not be maintained in the name of the administrator on either count of the declaration. The Judge overruled this objection, and decided, that the action was properly brought. The defendant then requested the Court to confine the plaintiff to his second count, and that he should not be permitted to show that the defendant took from the close any lumber other than that which had been previously severed from the land. The Judge instructed the jury, that the plaintiff was not entitled to recover any damage for forcibly breaking and entering the close and the cutting down of the trees; but that he was entitled to recover for all lumber and wood which he took from the close, whether the same was standing and growing or lying on the land at the time he entered, which he carried away and converted to his own use. The defendant filed the exceptions, the verdict being against him.

*J. Godfrey,* for the defendant, argued in support of the grounds taken at the trial, and cited *Holmes* v. *Moore,* 5 *Pick.* 257; *Little* v. *Conant,* 2 *Pick.* 527.

*Washburn* argued for the plaintiff, and cited *Monumoi Beach* v. *Rogers,* 1 *Mass. R.* 159; *Thayer* v. *Dudley,* 3 *Mass. R.* 296; *Jones* v. *Hoar,* 5 *Pick.* 285; *Ball* v. *Clafflin,* 5 *Pick.* 303; *Hill* v. *Haskins,* 8 *Pick.* 83; *Clark* v. *Lamb,* 6 *Pick.* 512; *Cummings* v. *Rawson,* 7 *Mass. R.* 440; 2 *Chitty on Plead.* 383; *Mitchell* v. *Tibbetts,* 17 *Pick.* 298; *Stetson* v. *Kempton,* 13 *Mass. R.* 272; 1 *Chitty on Plead.* 149; *Noy,* 125; *Nelson* v. *Burt,* 15 *Mass. R.* 204; *Howard* v. *Lincoln,* 1 *Shepl.* 122; 2 *Roll. Ab.* 569.

The opinion of the Court was drawn up by

SHEPLEY J. — An administrator cannot maintain an action for an injury done to the real estate of his intestate during his lifetime, but may maintain trespass for an injury done to his personal property. The plaintiff in this case cannot maintain an action for

breaking and entering the close, or for cutting down the trees. After they were severed from the freehold the trees became personal property, and for taking and carrying them away the administrator may maintain an action. The instructions limited the plaintiff to a recovery for the value of the property carried away. The declaration, before it was amended, contained a count in trespass *quare clausum*, and an informal claim for taking and carrying away a large quantity of underwood lying on the land. The plaintiff was permitted to amend by inserting a count *de bonis asportatis*. And it is insisted, that although these counts may ordinarily be joined, the amendment was not proper, because, as the action was originally brought, it could not be maintained. There was, however, something more than a claim for breaking and entering and the consequential injury ; and it was within the discretion of that Court, over which discretion this Court has no control, to allow that informal claim to be formally stated. And the administrator by claiming for injuries, for which he had no right to recover, does not destroy his right to recover for other trespasses.

*Exceptions overruled.*