## COUNTY OF SOMERSET.

35 | 121
85 | 124

PATTEE *versus* LOWE, *Administrator.*

From the decision of commissioners of insolvency upon the estate of a person deceased, an appeal may be taken by a claimant, whose demand has been disallowed, if the appeal be claimed and notice of it given in writing *at the probate office,* within twenty days after the return of the commissioners.

There is no prescribed form, in which such notice is to be given. It is not rendered invalid by being addressed only to the register of probate.

When in a writ there is no return day, or when there is an erroneous one, the omission or error can be taken advantage of only on plea in abatement or on motion.

If, instead of filing such plea or making such motion, within the time fixed by the Rules of Court for such purpose, the defendant pleads the general issue, he will be deemed to have waived all objection as to the return day of the writ.

ON REPORT from *Nisi Prius,* TENNEY, J., presiding.

This suit, which is for money had and received, is the prosecution of an appeal, from a decision of the commissioners of insolvency upon the estate of Asa Pattee, deceased, the commissioners having disallowed the claim. The claim had been assigned, and the appeal is prosecuted by the assignee.

The report of the commissioners was made to the Judge of Probate on Dec. 12, 1849. On the 19th of the same December, the assignee filed in the probate office a paper, *addressed to the register,* notifying him that he claimed the right to appeal and did appeal from the decision of the commissioners. On Jan'y 17, 1850, a writ was issued against the defendant to recover the claim. The action was entered at the June term of the Court, 1850, and upon the docket of that term a general appearance was entered for the defendant.

The action was thence continued from term to term till the Sept. term, 1851, when the defendant pleaded non-assumpsit, and also by brief statement, that no notice of any appeal was filed in the probate office, as required by law ; also

that this writ was not brought against the defendant till after three months from the return of the commissioners' report.

A witness testified that, in May, 1850, he saw the writ, at which time it was returnable to the then next term of the Court to be holden at Norridgewock in said county on the *first* Tuesday of June.

It now appears on inspection that the word *first* has been stricken out, and the word *second* inserted.

Upon that writ the officer indorsed a service as having been made on March 18, 1850, and another service as of May 27, 1850.

The case was submitted to the Court, upon an agreement, that if upon the papers and the evidence, the matters relied upon in the brief statement would not defeat the action, it was to stand for trial.

*J. S. Abbott*, for the defendant.

1. No proper notice of the appeal was lodged in the probate office. Such notice is to be directed, not to the register, but to the administrator.

2. Though *a* writ was made within the allowed three months, it was made returnable on the *first* Tuesday of June. By the return day being altered in May, it ceased to have effect as a writ dated Jan'y 17, 1850.

In legal intendment, it was then abandoned, and another writ was made, though written upon the same piece of paper, in May, 1850, and a new service was made by the officer. Before that writ was made the three months from the commissioners' return had expired.

*Hutchinson*, for the plaintiff.

APPLETON, J. — The claim of the plaintiff, which is prosecuted in this case by his assignee, having been disallowed by the commissioners of insolvency on the estate of Asa Pattee, the defendant's intestate, an appeal from such decision was claimed by the assignee, and the reasons for such appeal were duly filed. It is prescribed by R. S. c. 109, § 18, that " such appeal shall be claimed and notice thereof shall be given in writing at the probate office within twenty days

after the return of the commissioners." All which this section requires, is that the creditor appealing shall claim his appeal and give notice thereof at the probate office within a specified time. The same section makes provisions entirely different, when the appeal is taken by the administrator. It is objected in this case that no legal and sufficient notice was given. But the statute requires no special form, and were the technical subtleties of the common law to be required in probate proceedings, instead of facilitating, their introduction would tend to defeat the very objects of law. The notice given was in writing, was seasonably delivered to the register of probate at his office, and clearly states all the facts of which it is necessary the administrator should be informed, and substantially answers all the requirements of the statute. Being on file among the papers of the office, it is open to the inspection of all, who may be interested in its examination.

The plaintiff in interest, in the prosecution of his appeal, sued out his writ within the time designated by law, but, (as it seems,) made a mistake in its return day. The action was entered at the term, to which it was his intention it should have been made returnable, and the defendant entered a general appearance. The cause came on for trial at the term next following its entry, and the general issue was pleaded together with a brief statement.

It has been settled by repeated decisions that, when there is no return day or an erroneous one, advantage of such error can only be taken by motion or plea in abatement, and that if the party objecting neglect to make his motion or file his plea within the time fixed by the rules of Court for that purpose, and pleads the general issue, he will be deemed to have waived such defect, and the Court upon motion will allow the writ to be amended. *Ames* v. *Weston*, 16 Maine, 266; *Barker* v. *Norton*, 17 Maine, 416. Had the plaintiff therefore not altered his writ before its entry and had the defendant omitted all exceptions to the mistake apparent on its face, it is obvious that the Court would have authorized such an amendment, as was in fact made without its permis-

sion. Although the amendment was unauthorized, the defendant might waive all objections for such cause. He was under no obligations to act adversely to the correction of a mistake. If the defendant had intended to rely on the error existing originally in the writ, and by means thereof to defeat the plaintiff's suits, there was but one course for him to pursue. He should have treated the alteration as a nullity, and by motion or plea in abatement have called the attention of the Court to the writ in its original form; for as no leave had been granted to amend, the writ should have been deemed as if unaltered. *Maine Bank* v. *Harvey*, 21 Maine, 38; *Childs* v. *Ham*, 23 Maine, 74.

Instead however of taking any exception to the writ or to its unauthorized alteration by the plaintiff, the defendant entered a general appearance, and when subsequently the cause came on for trial, pleaded the general issue and filed his brief statement, alleging that the writ had not been sued out till after the expiration of the three months allowed by statute in which to bring the suit. The defendant now seeks to accomplish by means of the general issue and a brief statement, what can legally be done only by motion or plea in abatement. Having neglected at the proper time, and in the proper mode, to take advantage of defects, which, unless objected to at an early stage of the proceedings, the Court would have allowed to be amended, the defendant cannot now be permitted to revive lost and abandoned technicalities by brief statements or in any other way. The writ is to be considered in law, as it is in fact, the identical writ, which the attorney made with intent to prosecute the appeal taken in this case. The rights of parties have relation back to the time when the action was commenced. No bar to the plaintiff's rights had accrued from lapse of time. *Miller* v. *Watson*, 6 Wend. 506; *Heath* v. *Whidden*, 29 Maine, 108.

It is the opinion of the Court, that the action can be maintained. The cause is consequently, by the agreement of the parties, to stand for trial.

SHEPLEY, C. J., and HOWARD and RICE, J. J., concurred.