FRANK H. PAGE, *plaintiff in error, versus* CHARLES DANFORTH *& al.*

By R. S., c. 82, § 10, no process or proceeding in courts of justice shall bc abated, arrested or reversed, for want of form only, or for circumstantial errors or mistakes which by law are amendable, when the person and case can be rightly understood.

The assignee of a chose in action may maintain a suit in his own name upon the promise of the debtor to pay the same to him.

A declaration defective in not alleging a promise to the assignee by the debtor is amendable.

A judgment rendered on such a defective declaration cannot be reversed on error.

WRIT OF ERROR.

The error assigned was that the original action was illegally brought in the name of the defendants in error, they having no interest in the claim sued, except as assignees under the statute, of Rufus K. Page, and that there is no consideration or promise to pay them, set out in the declaration.

*A. G. Stinchfield*, for the plaintiff.

*J. Baker*, for the defendants.

APPLETON, C. J.—The demand in suit was a chose in action due from the plaintiff in error to Rufus K. Page. The writ alleged an assignment to the defendants of the claim sued for in the original action and a promise to the assignor, but it does not contain any promise to pay the assignees after the assignment, and it is sought to reverse the judgment for that cause.

The assignee of a chose in action may maintain a suit in his own name, upon the promise of the debtor to pay the same to him. *Lang* v. *Fiske*, 11 Maine, 385.

The Court will not reverse a judgment for any want of form, which might have been amended. *Lord* v. *Pierce*,

33 Maine, 350. This is specially prohibited by R. S., 1857, c. 82, § 1.

The declaration, though defective in not avering a promise to the original plaintiffs, might have been amended. *Pullen* v. *Hutchinson*, 25 Maine, 249 ; *Stephenson* v. *Mudgett*, 10 N. H., 338. In a suit against administrators, in which there was no averment of a promise by them, the plaintiff was allowed to amend by inserting the necessary averment. *Proctor* v. *Andrew*, 1 Sand., (Sup. Court,) 70 ; *Smith* v. *Proctor*, 1 Sand., (Sup. Court,) 72 ; *Flowers, Ex'r*, v. *Garr*, 20 Wend., 668. *Judgment affirmed.*

KENT, WALTON, DICKERSON and BARROWS, JJ., concurred.

CUTTING, J. — At common law, choses in action, originally, were not negotiable, so as to authorize the assignee to commence an action in his own name. But that rule has, subsequently, been modified so as to embrace all such as are payable to order or bearer. The demand in the original suit was not of that character. It was " for money laid out, expended, and paid by *Rufus K. Page* (the assignor) to and for the use of said defendant (this plaintiff in error) for the use of the said *Page*, before he assigned his property as aforesaid, in consideration thereof, the defendant then and there promised the said *Page*, before he assigned his property as aforesaid, to pay *him* the same sum on demand." There was no allegation, that, after the assignment, the defendant promised the assignees to pay them. Had it been so, the judgment rendered on the default would have been unexceptionable. As it is, the declaration shows no privity between the parties of record.