## STEARNS, AD'R, *v.* WRIGHT, AD'R.

In assumpsit brought by an administrator, counting upon promises made to him personally, an amendment may be permitted alleging the promises to have been made to him as administrator.

Under the liberal provisions of our Statute (Gen. St., ch. 207, § 8), great latitude of discretion is taken, so as to admit of the amendment of declarations, whenever it can be done without violating any established rule of law or practice.

APPEAL, from commissioner of Proctor's estate, in Solomon J. Stearns, administrator of Warren E. Shattuck, *v.* Francis W. Wright, administrator of John S. Proctor.

*Wadleigh,* for the plaintiff.

*Worcester,* and *Morrison & Stanley,* for the defendant.

The facts of this case sufficiently appear in the opinion of the court.

FOSTER, J.   The declaration contained five counts.

1. Money had and received by Proctor for the use of Stearns.
2. Land of Shattuck sold and conveyed by Stearns to defendant.
3. Land of Shattuck sold and conveyed by Shattuck to Proctor.
4. Goods of Shattuck sold and delivered by Stearns to Proctor.
5. Interest on money due from Proctor to Stearns.

The plaintiff, being ordered to file a specification, filed the following:

" The administrator will claim $612.56, and interest from January 19, 1858. This claim is founded upon a note of that date given by said Shattuck to said Proctor, and secured by mortgage of the same date on the property known as the 'Railroad Hotel,' in Townsend, Mass. This note was paid or accounted for by Shattuck's estate in the lifetime of said Proctor to said Proctor, and the said Stearns claims that it was not due at the time it was paid or accounted for, and is in

fraud of the creditors of said W. E. Shattuck. The administrator will also claim that the deed of said Shattuck to said Proctor in 1858, of forty-four acres called the ' Shattuck lot,' in Mason, was without consideration, and was fraudulent as to the creditors of said Shattuck. 500 cords wood, and lumber 60 cords."

The defendant moved to reject the specification, and the court, *pro forma*, rejected it. This was a very proper exercise of discretion. The specification was altogether too vague and indefinite. It would certainly require a great deal of explanation and elucidation to connect it with either of the general counts in the declaration, and is not calculated to give the defendant that information of the character and extent of the claim made against him, to which, upon every principle of pleading and upon all equitable considerations, he is entitled, in order to arrange and present his defence in court.

This specification being rejected, the plaintiff moved to amend by filing a new one, setting forth the following narrative :

" Proctor had held a note and mortgage against Shattuck, which had been paid and discharged by Shattuck; but Proctor continued to hold the note, and after Shattuck's decease, by falsely and fraudulently representing the note and mortgage to be unpaid, caused the mortgaged property to be sold by Stearns, subject to the mortgage, and thereby obtained a second payment of the claim against Shattuck. Shattuck owned land in New Hampshire, and conveyed it to Proctor to defraud Shattuck's creditors; and Proctor gave back to Shattuck a deed of the same land, but this last deed was not recorded, and was surreptitiously obtained by Proctor after Shattuck's decease ; and after the appointment of Stearns as administrator, in Massachusetts, Proctor cut growing wood on the New Hampshire land and converted it to his own use. Some of the wood converted by Proctor to his own use was cut by Shattuck, and remained on the land until it was taken by Proctor, after Shattuck's death."

The motion to file this amendment was, *pro forma*, denied.

This new or amended specification purports to be a recital of all the facts upon which the plaintiff, as the administrator and representative of the estate of Shattuck, claims to recover of the defendant, as the administrator and representative of the estate of Proctor, the assets of the latter estate, subject to distribution for the benefit of the creditors of the estate which the plaintiff represents.

And it seems to us that it is not essential, as contended by the defendant, that the court should be informed precisely what claims or interests may be secured or promoted, or what parties may be ultimately benefited, if the plaintiff, upon proper pleadings, is shown to be entitled, though merely as a *nominal* plaintiff, in his official capacity as administrator, to maintain the action.

He is designated in the writ as administrator of Shattuck's estate; and we are of the opinion that, though loose and inartificial, the allegations in the declaration of implied promises to him personally, and of money due him, and of land and goods sold by him, may all be considered as being substantial and sufficient averments of trans-

actions with and obligations accruing to him in the representative capacity in which he prosecutes the action.

But if otherwise, this defect may be cured by amendment. It is quite customary to amend declarations by adding counts upon promises to pay the plaintiff, as acting in an official or fiduciary capacity. *Smith* v. *Proctor's Administrators*, 1 Sandf. S. C. 72; *Flower's Ex'rs* v. *Garr*, 20 Wend. 668; *Megargell* v. *The Hazelton Co.*, 8 W. & S. 342; *Pickering* v. *DeRochemont*, 45 N. H. 67. The amendment of an administrator's declaration, filed upon an appeal from the decision of a commissioner of insolvency upon the estate of a deceased person, is governed by the same rules applicable to cases originally brought in the appellate court. Gen. Stats., ch. 181, § 17.

By ch. 207, § 8, it is provided that no declaration shall be " abated, quashed, or reversed for any error or mistake, where the person or case may be rightly understood by the court; and courts may, on motion, order amendment in any such case."

Amendments are allowed by all the courts in this country, with great liberality. Our statute of jeofails was not intended to abridge the discretionary power of the court, which, unless specially transferred, as in this case, will not be revised by bill of exceptions or writ of error. *Perley* v. *Brown*, 12 N. H. 493.

Amendments are almost universally allowed, where they do not surprise, hinder, or delay the opposite party—1 Tidd's Practice 161, note *b ;* and they may, of course, be allowed in the discretion of the court, even in case of surprise, hindrance, or delay, upon terms of indemnity. But they must be consistent with the original declaration, and they must be such that the court can perceive that the plaintiff will offer in evidence, under the amendment, only some matter for the recovery of which the action was originally instituted. In such case, so long as the form of the action is not changed, and the identity of the cause of action is preserved, the particular allegations in the declaration may be changed by amendment and others superadded, in order to cure imperfections and mistakes in the manner of stating the plaintiff's case. *Perley* v. *Brown*, before cited; *Stevenson* v. *Mudgett*, 10 N. H. 341; *Elliot* v. *Abbot*, 12 N. H. 549; *Newell* v. *Horn*, 47 N. H. 382; *Tarbell* v. *Dickinson*, 3 Cush. 345; *Hill* v. *Penny*, 17 Me. 409; *Miller* v. *Watson*, 6 Wend. 506; *Harding* v. *Trustees of New Haven Township*, 3 Ohio 227.

Within these rules, it seems to us, the amended specification may properly be received. The requirements of the statute, we think, are satisfied; that is, " the person and case *may* be understood by the court," not, to be sure, without considerable difficulty. The object of the specification is to apprise the defendant of the claims made upon him, so fully as to guide him in his preparations for trial; and this we think is accomplished; while the narrative of facts is consistent with and will maintain some if not all of the counts in the declaration.

Thus proof of the allegation that Proctor retained the note of $612.56, secured by mortgage, after it had been once paid, and by fraudulent representations substantially obtained a second payment of it,

would sustain the first count in the declaration, the plaintiff waiving the tort, and declaring, as he has, in assumpsit. 1 Hilliard on Torts 44.

So also the allegations that Shattuck, owning land, conveyed it to Proctor by a deed without consideration, and void as to creditors, Proctor's estate still holding the apparent title, the deed of re-conveyance having been surreptitiously obtained by Proctor from the plaintiff, would be admissible under the second and third counts.

And the allegations concerning the wood cut by Proctor, and that cut by Shattuck but converted by Proctor, may be offered in evidence, if supported by evidence of a sale of the wood and an appropriation of the proceeds by Proctor, under the first and fourth counts in the declaration ; while the fifth count is sufficient to entitle the plaintiff to recover for any interest due upon any sums of money or the value of any property received by the estate which the defendant represents, and for which that estate is liable to the estate represented by the plaintiff.

In other words, we may adopt practically, and to an extent sufficient for his purpose, the view taken by the plaintiff in his argument in support of his motion to amend, thus :

The substance of the specification is that—

" By means of fraud Proctor obtained money which belongs to Shattuck's estate. For this an action for money had and received will lie.

" The conveyance by Shattuck's administrator of Shattuck's real estate, subject to Proctor's mortgage, was in effect a conveyance to Proctor of an interest in the real estate equal to the amount of the mortgage, for which Proctor was liable in an action for land sold and conveyed.

" If the defendant admits the facts stated in the amended specification as to Shattuck's owning the land in New Hampshire at the time of his death, and Shattuck's estate being insolvent and the land assets for the payment of debts, the plaintiff may, waiving the tort, recover, under the count for money had and received, the amount which Proctor realized from the sale of the wood and lumber growing or lying on the estate, if the same was converted into money by Proctor.

" If the defendant denies the re-conveyance of the land in New Hampshire by Proctor to Shattuck, then the plaintiff can claim that Proctor never paid for the land, and may recover its value under the count for land sold and conveyed."

The court do not intend, by exercising the liberality which practice has sanctioned with regard to amendments, to encourage such looseness in pleading as characterizes this case ; but since it does not appear that any material delay or surprise has been occasioned to the defendant, we are of the opinion the amendment should be allowed, upon substantial terms ; not so much in the nature of an indemnity, as for the considerations expressed by Mr. Justice NESMITH, at the close of the opinion of the court in *Newell* v. *Horn*, 47 N. H. 383.