MARY MARSH, APPELLANT, v. WILLIAM R. McNAIR, RESPONDENT.

*Amendments to pleadings—what terms will be imposed as a condition of granting them.*

The plaintiff and her son Charles assigned to one Gibson a policy of insurance upon the son's life, as collateral security for a certain liability of the son to him. Gibson made a general assignment to the defendant, tc whom the plaintiff tendered the amount to secure the payment of which the assignment of the policy was made, and requested a reassignment of it to her, which was refused.

The plaintiff then brought this action, in which she alleged that the assignment was absolute in form and that she was induced to execute it in such form by the representation made to her, and that she understood, that its only object and effect was as collateral security, and demanded that the assignment be reformed, so as to conform to the agreement and purpose which produced it. The answer put in issue these allegations, and alleged that the assignment was in fact, as well as in form, an absolute transfer of the policy. On the first trial, parol evidence on the part of the plaintiff was given, without objection. of the negotiations which led to the assignment and to the effect that it was made as security, which was controverted by evidence on the part of the defendant. The trial court found that the plaintiff understood, and that it was represented to her, that the assignment was only collateral security, but that the mistake was one of law, and that parol evidence was inadmissible to alter its absolute character. The General Term reversed this decision and ordered a new trial, upon which the plaintiff recovered a judgment, which was affirmed at the General Term, and reversed in the Court of Appeals, upon the ground that in the absence of allegations or findings of fraud or mutual mistake, parol evidence was inadmissible to prove that the assignment was other than its terms imported.

A motion made by the plaintiff for leave to amend the complaint, by inserting allegations to show that the assignment was drawn and executed in an absolute

form by a mutual mistake, was granted on the payment of all the defendant's costs and disbursements in the action, and ten dollars costs of opposing the motion.

*Held,* that the order should be modified by excluding from the terms imposed by it the defendant's costs prior to the second trial and so as to direct the payment of all the defendant's costs from and including the second trial to the time of the amendment.

The rules and practice of this court in imposing terms upon granting amendments considered, and the cases bearing thereon collated and examined by BRADLEY, J.

APPEAL from the portion of an order made at the Livingston Special Term which requires the payment of all the defendant's costs and disbursements as a condition of the allowance of an amendment of the complaint.

This action was commenced in 1876 ; was first tried in 1878, when the complaint was dismissed. This judgment was reversed and a new trial was granted by the General Term in October, 1881. The second trial was had in 1882, and resulted in a judgment for the plaintiff, which was affirmed by the General Term, and on appeal to the Court of Appeals was reversed and new trial granted in May, 1885. The plaintiff's motion afterwards made for leave to amend the complaint was granted on payment of all the defendant's costs and disbursements in the action, and ten dollars costs of opposing the motion.

*J. B. Adams,* for the appellant.

*E. A. Nash,* for the respondent.

BRADLEY, J. :

The question presented on this appeal has relation only to the terms upon which leave is given to the plaintiff to amend her complaint. The court may at any stage of the action, in furtherance of justice and on such terms as it deems just, amend any pleading (Code Civ. Pro., § 723), and such was substantially the provision of the prior Code (§ 173), and of 2 Revised Statutes (424, § 1). The view of the court at Special Term was that precedents required the terms imposed by the order, and referred to *Prindle* v. *Aldrich* (13 How., 466). The question is one of discretion, and there is no governing rule furnished by adjudications which excludes the cir-

cumstances of each particular case from consideration on such an application.

The complaint alleges that a policy of insurance on the life of her son Charles, of $5,000, was issued by the National Life Insurance Company to her, and that she afterwards joined with her son in an assignment of the policy to one Gibson as collateral security for a certain amount of liability of the son to him; that the son died, and Gibson, by his general assignment for the benefit of his creditors, transferred the policy to the defendant, to whom the plaintiff tendered the amount to secure the payment of which the assignment of the policy was made, and requested reassignment of it to her, which was refused, and that the assignment to Gibson was absolute in form and she was induced to execute it in such form by representation made to her, and she understood, that its only object and effect were as collateral security. The relief demanded is that the assignment to Gibson be so reformed as to conform it to the agreement and purpose which produced it, and that the plaintiff have the consequent benefits. The answer puts in issue those allegations of the complaint and alleges that the assignment to Gibson was in fact, as well as in form, an absolute transfer of the policy. On the first trial parol evidence on the part of the plaintiff was given, without objection, of the negotiation which led to the assignment, and. to the effect that it was made as security, which was controverted by evidence on the part of the defendant. The trial court found that the plaintiff understood, and it was represented to her, that the assignment was only collateral security, and determined that such representation was a mistake of law; that it was absolute and that parol evidence was not competent or effectual to give to it the character of collateral security, and that the complaint should be dismissed. When the case came to the General Term it was held that parol evidence was competent to show that the assignment was intended as security and that court reversed the judgment and ordered a new trial. (25 Hun, 314.) And the plaintiff's recovery on a new trial having been affirmed by the General Term and appeal taken to the Court of Appeals, it was there held that, as the instrument by which the assignment was made embraced the elements of an agreement beyond a mere assignment, parol evidence under the complaint was not competent to prove that it was other than what its terms imported. And that,

in the absence of allegation or finding of mutual mistake or fraud, it must be treated as absolute. And reversed the judgment and directed a new trial. (99 N. Y.; 174.)

The plaintiff's proposed amendment is to insert that the assignment was, by mutual mistake of the parties to it, drawn and executed in absolute form, and some other mattters incidental to such allegation. The purpose of the action and the character and extent of the relief will not be changed by the proposed amendment, but it is, nevertheless, of vital importance within the holding of the court, because without the amendment the plaintiff can have no standing with her action in court. Similar statutes providing for amendments of pleadings have been in existence for more than half a century, and if the courts have adopted a well defined governing rule applicable to this case in respect to terms upon which they may be granted, it must be followed.

In *Saltus* v. *Bayard* (12 Wend., 228), after a cause had been at issue two years, and twice noticed for trial, the plaintiff was allowed to amend his declaration by adding a new count upon the *same* cause of action on payment of only costs of the motion, unless the pleas were withdrawn or a new defense rendered necessary by the amendment, in which case on payment also of the pleas. Without the amendment the plaintiff could not there recover.

In *Downer* v. *Thompson* (6 Hill, 377) the plaintiff was non-suited at the trial, which was affirmed by the Supreme Court, and reversed and new trial granted, with costs to abide the event, by the Court of Errors. The declaration was for goods bargained, sold and delivered, and the nonsuit and affirmance were upon the ground that the evidence did not support that form of action, and that it would not lie except on special assumpsit for not accepting goods. And although the Court of Errors held that there was sufficient to go to the jury upon the cause of action alleged, the plaintiff moved for leave to amend, and it was granted upon his payment of all the defendant's costs subsequent to the plea. This was treated as permission to make a new declaration by way of amendment to the old one.

In *Alston* v. *Mechanics' Mutual Insurance Company* (1 How., 82) the plaintiff moved to amend his declaration by changing the form of the action from covenant to assumpsit, and the motion was

granted on the payment of costs of the motion only. The motion was made after the cause had been through the Court of Errors on review of the first trials, and the recovery on the second trial had been set aside by the Supreme Court.

The cause of action alleged was covenant on a policy of insurance, which was not in fact under seal and, therefore, covenant would not lie, but the objection was not taken until on review of the second trial. And that case is distinguished by the court from *Downer* v. *Thompson*, in the fact that in the latter case the objection was taken by the defendant at the first opportunity, and say that, "in all these cases of amendments, the terms are discretionary, depending upon the circumstances of each case."

In *Carrier* v. *Dellay* (3 How., 173) leave was given after a trial, and a new trial granted, to amend the declaration by changing the form of the action from trespass to trover, which was necessary to sustain it. The court there required the payment of all the defendant's costs, which is stated to be the rule when the amendment changes the entire form of the action, and the objection is taken at the first opportunity.

In *Brown* v. *Babcock* (3 How., 305), the action was debt on a bond, and the administrator of the deceased obligor and the survivors were joined as defendants, which would defeat recovery. The motion was before trial, and the amendment applied for was to strike out the names of all the defendants, except that of the administrator, and it was allowed on payment of all the defendant's costs, and of the motion if the defendant abandoned his defense, but if he asks to plead and set up other defenses, the plaintiff was required to pay only the costs of the former plea and ten dollars costs of opposing the motion.

In *Chapman* v. *Webb* (6 How., 390) the complaint was for goods sold, and the plaintiff moved to amend by alleging that the goods were procured by fraudulent representations to overcome the alleged defense that they were sold on a credit which had not expired. The amendment was allowed on payment of the costs of the term and of the motion unless the defendant changes his defense, in which case on payment of all his costs.

In *Troy and Boston Railroad Company* v. *Tibbits* (11 How., 168) the application to amend was made after recovery by the

plaintiff had been reversed, and a new trial granted. And it was allowed on payment of all the defendant's costs. The subject of the action remained the same, but the amendment proposed would add new and essential allegations, present new issues and require a new line of defense.

In *Prindle* v. *Aldrich* (13 How., 466) the terms upon which the plaintiff was allowed to amend his complaint required the payment of all the defendant's costs and costs of opposing the motion, and this was after the plaintiff's recovery had been reversed and new trial granted.

His action was to recover $510 on open account, and the proof established a settlement and agreement of the defendant to pay the plaintiff $100, which was the situation requiring the amendment. The court distinguished the case from one where the amount and character of a claim remained essentially the same after as before the amendment, and the amendment is only an additional averment of fact necessary to charge liability on a defendant, and cites some cases where such amendments have been allowed on more moderate terms.

In *McGrane* v. *The Mayor* (19 How., 144) the plaintiff was allowed to amend his complaint by inserting an essential condition precedent to his right of action, on payment of all the defendant's costs after the answer. This was allowed after the plaintiff's recovery had been reversed and new trial ordered.

In *Turner* v. *Hillerline* (14 How., 232) the motion to amend by striking out the name of a defendant improperly joined, was allowed on payment of ten dollars costs, and five dollars more if the defendant amended his answer.

In *Flowers' Executors* v. *Garr* (20 Wend., 668) the motion to amend was made after trial. No objection was made by the defendant until after the evidence was closed. He fully understood the object of the action, and the cause had been litigated without any reference to the pleadings. The amendment was allowed on payment of the defendant's costs from and after the time the objection was taken. And in *Proctor's Administratrix* v. *Andrew* (1 Sandf., 70), and *Smith* v. *Proctor's Administrators* (Id., 72), the motions to amend were in like manner disposed of.

The authorities to which our attention has been called, quite

uniformly are to the effect that in the allowance of amendments which change substantially the nature or subject of the cause of action, such terms are imposed as may indemnify the defendant for his taxable costs incurred in the action, provided he has raised the objection at the first opportunity; but when the litigation has proceeded without reference to the character of the pleadings, that fact is considered in the imposition of terms, and then such rule is not deemed the governing nor necessarily the guiding one for the discretion of the court. In the case at bar no change in the subject of the action, its purpose or relief is sought by the amendment, but the new allegations are necessary to permit the introduction of evidence to establish the cause of action. The purpose of the action, as appears by the original complaint, is to obtain an adjudication that the instrument in question was made as security only, and the relief in view would follow as the result. The defendant understood all this, and by his answer he controverted the allegations of the complaint in that respect.

On the first trial no objection was taken to the parol evidence, tending to prove that such was the purpose of the assignment as it was understood by parties to it, and showing the circumstances and negotiation leading to and attending the making of such assignment. And we are not led to understand from the decision and opinion of the trial court, that any question on the pleadings was raised before or considered there, but that the court put its decision on grounds which embraced the conclusion that the mistake related to the legal effect of the instrument, and was a mistake of law rather than of fact, and for that reason no relief by way of reformation could be afforded by parol evidence. The second trial evidently proceeded in conformity to the decision of the General Term, and parol evidence was probably received only with a view to the question whether the instrument was intended as security. It does not appear how the exception was taken on that trial, which presented to the Court of Appeals the question there determined, but it must have been taken in some manner upon the trial, as in the opinion there delivered the court held that parol evidence was incompetent to prove that the assignment was intended as collateral security. We think, in view of what appears, the terms imposed ought not to include the payment of the defendant's costs incurred prior to the

second trial, if the defense is continued after the amendment; but that those of, and subsequent to, that trial were in the exercise of the discretion of Special Term properly embraced in the terms. While the amendment does not change or enlarge the subject of the action or the relief, it does, in view of the decision of the Court of Appeals, add substantial allegations which constitute the ground upon which the right to maintain the action rests. The alleged cause of the action is that the written instrument does not correctly represent the agreement made between the parties to it, and the purpose of the action is the reformation of such instrument.

The ground which gives support to an action for such purpose is the mutual mistake of fact of the parties to a written instrument, and in the absence of fraud such mistake is the sole ground upon which such relief is founded. The omission of such allegations in a pleading is not a clerical or technical defect, but is a failure to allege the substantial cause which affords the remedy by action and the right to relief, yet if evidence to that effect were received without objection, a finding of the fact of such mistake might, under the system of practice furnished by the Code, support the conclusion of relief; and if deemed necessary the complaint would, in such case, be amended to conform it to the facts proved. On the first trial this may not have been done, for the reason that the court there treated the mistake as one of law only; and on the second trial the case proceeded on the theory directed by the decision of the General Term, and it may be that objections then taken did not permit the court to find such mistake if warranted by the evidence. At all events the exceptions which presented the questions decided by the Court of Appeals were in the record for review of that trial, and the matter sought to be added by the amendment is vital and fundamental to the right of action and to furnish cause for relief. In view of the circumstances before adverted to, the order should be modified by excluding from the terms imposed by it the defendant's costs prior to the second trial, so as to direct the payment of all the defendants' costs, from and including the second trial, to the time of the amendment; and as thus modified the order should be affirmed, without costs of this appeal.

BARKER and HAIGHT, JJ., concurred.

Order modified so as to exclude from the terms imposed by it the defendant's costs prior to the second trial, and to direct the payment of all the defendants' costs, from and including the second trial, and as so modified affirmed, without costs of this appeal to either party.