*Per Curiam.* What is the distance from the county court in *Cayuga,* to *Albany?*

*Emott.* One hundred and eighty miles.

*Per Curiam.* The plaintiff must stipulate and pay costs. There is no proof of want of time.

### Samuel B. *Webb* v. Thomas *Wilkie.*

THIS was an action on a sealed note, dated on the thirtieth of the month. The declaration stated the date to be the thirteenth. *Emott* on the first day of term, had obtained a rule to amend the declaration by striking out the word " thirteenth," and inserting the word " thirtieth." No person appearing to oppose, the motion was granted of course, and without imposing terms.

*Van Vechten* now applied to vacate that rule, and that it be *ordered,* that the amendment be on the usual terms. This, he said, was necessary, because, the plea of *non est factum,* which was then proper, might now be highly-the reverse. The court was always disposed to set things right, if it lay in their power. They never could mean that the plaintiff, who had been guilty of a mistake in his declaration, should have liberty to amend *that,* and the defendant be held to a plea that might be inapplicable. Besides, there was ample time to give a plea before the next circuit, and surely the court will not shut out the defendant from pleading *de novo,* when his first plea was the result of the plaintiff's mistatement.

*Per Curiam.* Let the former rule be vacated, and the plaintiff amend on the usual terms.

### *William Gilliland* v. *Joseph Morrell.*

THE affidavit that was read stated, that in *October*, 1802, a motion was made on the part of the defendant for judgment, as in a case of nonsuit ; which no one appearing to oppose, was granted as of course. The judgment, thus taken, was, in the same term, set aside by the plaintiff, on the usual terms of stipulating to try the next circuit, and paying the costs of not proceeding to trial.    The stipulation was entered into, the costs taxed, and demanded, but not paid, and now continued unsatisfied ; that, therefore, and as the defendant's only witness could not be found, he did not attend by himself or attorney, at the last circuit in *April.*

On these facts duly sworn to, and on an affidavit of the defendant, that he had a good and substantial defence, as informed by his counsel, which he verily believed to be true ; that on the merits, the plaintiff could not recover, and that a material witness was wanting, without whose testimony the defendant could not proceed to trial, but which he could procure by the next circuit,

*Van Vechten* moved to set aside the verdict, and grant a new trial.

*Woodworth,* contra, produced a certificate from the clerk of the circuit court, that the trial of the above cause was had on the eighth day of *April* last,