UTICA,
Aug. 1826.

Every
v.
Merwin.

## Every *against* Merwin.

On motion to set aside the report of referees. The copy of the declaration served on the defendant's attorneys was in covenant on articles of agreement executed by the parties, dated *March* 18*th*, 1818, (with profert,) by which, in consideration that the plaintiff (*inter alia*,) had thereby *granted* to the defendant, the immediate, quiet, and peaceable possession of certain premises therein mentioned, together with the yearly rent, that is to say, one half of the rent *then become due*, for the privileges of a fulling mill and pond, &c. the defendant did covenant, &c. with

*Sealed articles, declared on with profert, allowed in evidence, though the defendant's name and seal were torn off; it appearing probable that this was done before the plaintiff had declared; and the mutilation not being with* the plaintiff's consent.

The copy of the declaration served was, in consideration that the plaintiff, by articles of agreement, *granted* to the defendant, the immediate, &c. possession of certain premises, together with one half of the yearly rent, *then become* due. The articles recited, that the plaintiff conveyed, relinquished and gave up the premises; and then proceeded, " all of which premises the said defendant *is to have* the immediate, &c. possession of, together with the yearly rent, or that is to say, the half of the rent *to become* due, &c." The draft of the declaration and the oyer were right, as to the time of the rent becoming due ; and the variance in the copy was a clerical mistake. The cause being referred, and the articles, though objected to, being received in evidence ; *held*, that there was no variance in describing the possession as *granted;* and that as to the allegation of the time when the rent became due, it not appearing that any injustice had been in fact done by the referees, the plaintiff might amend, even after a motion by the defendant to set aside the report of the referees on the ground of this variance, on payment of costs ; and that the report should then be confirmed.

Whether such an amendment may be granted by a judge on the trial ? *Quere.*

The amendment was granted by the court on paying the same costs as if it had been made on motion, previous to the cause being heard before the referees.

Declaration on a covenant, in articles of agreement, that the defendant, after the plaintiff had deducted what he owed the defendant, and what the plaintiff owed one *S.*, if *S.* would transfer the debt, would pay the remainder of a sum of 1500 dollars, in 3 equal annual payments *from the date of the articles.* The covenant was, to pay the remainder of the 1500 dollars after the deductions; to be paid *in three equal annual payments;* without saying *from the date. Held.* no variance : the covenant meaning that the time should run *from the date;* and being, therefore, set forth according to its legal effect.

The defendant covenanted to pay the plaintiff the remainder of $1,500, after deducting what the plaintiff owed him, &c. In an action on the covenant, the defendant claimed that the plaintiff owed him $106, money advanced. The plaintiff was allowed to give in evidence against the defendant, a receipt by him of a note of $325 from the plaintiff, for collection, on which the $106, were endorsed ; and it appearing that the defendant had collected the whole $325 ; *held*, that the plaintiff should be allowed the balance in the adjustment of accounts ; not as a technical set off against the defendant's claim ; but as coming within the provisions of the covenant.

The fact that a promissory note was seen in the hands of the maker, is *prima facie* sufficient, to charge one who has receipted it for collection, with the amount.

Clerical mistakes in the pleadings, may be amended, even after trial ; where the party objecting to the mistake, will not be injured.

And the court have strongly inclined, that a single judge may allow the amendment at the trial.

The rules of evidence are the same before referees, as before a jury. Per Woodworth and Sutherland, Js. interrupting *Hobbie, arguendo.*

the plaintiff, to pay him the sum of 1500 dollars in the following manner, that is to say : (after deducting what the plaintiff then owed the defendant, and a certain debt which the plaintiff then owed to *Samuel Scouten*, in case *Scouten* should transfer the same to the defendant,) the defendant to pay *the remainder of the said sum of* 1500 *dollars in three equal annual payments from the date of the said articles of agreement.* Yet the defendant had not paid, &c.

By the oyer of the articles served with the declaration, it appeared that the plaintiff conveyed, relinquished and gave up the premises mentioned in the declaration ; and the articles then proceeded : ", all of which premises the said *Merwin*, (the defendant,) *is to have* the immediate, quiet and peaceable possession of, together with the yearly rent, or that is to say, the half of the rent *to become due, &c.*, which said rent is due for the privilege of a fulling mill and pond," &c. ; and then proceeded : " the said *Merwin*," (the defendant,) " to pay the before mentioned 1500 dollars, in manner following, to wit, in the first place, &c." (deductions as in the declaration,) " and then the remainder to be paid in three equal annual payments."

The cause was referred on the motion of the defendant.

The articles given in evidence before the referees, agreed with the oyer, except that in describing one parcel of the premises conveyed, &c. the oyer was, " bounded on the *north east ;*" and the articles, "on the *east.*"

The variance, as to the consideration in respect to the rent, between the copy of the declaration served, and the articles ; and the variance between the oyer and the articles as to the boundary, arose from a mistake of the clerk of the plaintiff's attorneys in copying ; the draft of the declaration and a *nisi prius* record made out before the cause was referred, and the copy of the articles first made by the plaintiff's attorneys, being correct.

On objection taken for the variance, by the defendant, before the referees, these facts were offered by the plaintiff in proof ; but they refused to hear them, because they deemed the variance immaterial.

UTICA,
Aug. 1826.

Every
v.
Merwin.

The defendant also objected to the variance between the defendant's covenant as set forth, and as contained in the articles, in respect to the time when the instalments were to become due.

The articles being produced before the referees as evidence, it appeared that the name and seal of the defendant, and names of the witnesses, were wanting. But the plaintiff proved, that when the suit was brought, the name and seal of the defendant, and the names of the witnesses, were to the instrument. Evidence was also offered as to the manner in which it was mutilated ; which, with the proof of its execution, is sufficiently stated in the opinion of the court, together with such further facts as are material.

The referees reported a balance of $557,05, for the plaintiff.

*S. Sherwood,* for the defendant. The execution of the contract was not sufficiently proved. But if otherwise, the several variances are fatal. (1 *Chit. Pl.* 304, 5. *Pitt* v. *Green,* 9 *East,* 188. *Bowditch* v. *Mawley,* 1 *Campb.* 195. *Hoar* v. *Hill,* 4 *M. & S.* 470. *Saxton* v. *Johnson,* 10 *John.* 418. *Bristow* v. *Wright, Doug.* 664.) In these cases, the variances were more slight than those now objected. Yet the plaintiffs were defeated by them.

The amount of the receipt claimed by the defendant, was improperly allowed.

*S. R. Hobbie,* contra. The objections for variance are merely technical ; and should not be listened to if inconsistent with the merits. Some of the cases have gone upon very nice grounds, especially that of *Bristow* v. *Wright* ; the authority of which was long doubted. It was, however, finally confirmed in *Peppin* v. *Solomons,* (5 *T. R.* 496 ;) and let it be taken for law. It has no application to this case. There the variance was as to the time of paying the rent ; but the lease was a necessary part of the declaration. Here it was not so. The variance as to the time when the rent was payable, is in the recital of the consideration for the defendant's covenant. This recital is but matter of inducement. Indeed, stating any con-

sideration was not necessary. The defendant's covenant was independent. It does not profess to be upon any consideration. A covenant under seal imports a consideration in itself; and the declaration would have been good, if it had merely set forth the covenant, without allusion to any consideration whatever. The books all agree that where the words of any pleading are such mere surplusage, that they may be expunged without vitiating; where they are not matter of description, and where they need not be proved, a variance will not injure. Here, all that is said about the consideration may be stricken out, without destroying the plaintiff's right of action. If so, clearly the variance is immaterial. (1 *Chit. Pl.* 307. *Peppin* v. *Solomons*, 5 *T. R.* 496. *Hamborough* v. *Wilkie, cited by Gaselee, arg.* 4 *M. & S.* 471. *Welch* v. *Fisher,* 8 *Taunt.* 338. 2 *Moore,* 378, *S. C. Jansen* v. *Ostrander,* 1 *Cowen,* 671.) The case of *Wroe* v. *Washington,* (1 *Wash. Rep.* 357,) is this very case; and the variance was held immaterial.

These observations and authorities apply to all the variances concerning the consideration. The legal effect of the words *is to have,* in the agreement, is comprehended in the word *grant.* In this respect, there is no variance.

Again, it appears by the affidavits, that the mistake in reciting the consideration as to the time of the rent being payable, as well as that in the oyer, were merely clerical. Proof of this was offered to the referees; and the whole may be now amended. (*Jansen* v. *Ostrander,* 1 *Cowen,* 670.) A trifling mistake in the oyer will not injure. (*Henry* v. *Brown,* 19 *John.* 49.) The party could not be surprised. The courts incline strongly to overlook slight verbal variances, when they see no evil can arise from them. (*Cockell* v. *Gray,* 3 *B. & B.* 177. *Arnold* v. *Revoult,* 1 *B. & B.* 443. *Gladstone* v. *Neale,* 13 *East,* 410. *Munf. Index,* 565, *and the cases there cited.*)

The authorities cited, also apply to the variance between the declaration and agreement, as to the time when the instalments became due. But there is, in this respect, no substantial variance. The agreement is set forth ac-

cording to its legal effect. The question is, what construc-
tion should be put upon it? Good sense would say the
time should run from its date; and so the referees deci-
ded. Was it to be supposed that the payment might be
postponed at the will of the plaintiff? That he might take
his own time to make the deduction, and then compute
the time from this act? If the language be ambiguous,
the construction is to be taken most strongly against the
covenantor. It is enough, however, to say that the agree-
ment was set forth on oyer, which is to be deemed a part
of the declaration. If there was a variance, the defendant
should have demurred. It is cured by the report, which
is equivalent to a verdict. (1 *Chit. Pl.* 328.)

There is another answer to all these objections for vari-
ance. The cause was referred on the motion of the de-
fendant. I would submit whether objections of this na-
ture can be raised by a party before referees, appointed
on his own motion.

[WOODWORTH, J. The referees must be governed by
legal rules in the admission of evidence. They come in
the place of a jury; and we must be satisfied that improp-
er testimony has not been heard by them, the same as of a
jury at the circuit. In this remark, SUTHERLAND, J. con-
curred.]

I submit, then, whether in any case, a party may take a
subsequent step, by pleading over after a formal variance,
going to trial, and then, for the first time, raising the ob-
jection. He should have raised it by demurrer in the first
instance. The whole case was before him, on the declar-
ation and oyer. It was a proper case for a demurrer, if
the variances were material; and that was the only way
in which he could take the objection. (*James* v. *Wal-
ruth,* 8 *John.* 410. *Douglass* v. *Beam,* 2 *Bin.* 76.) I
may say this especially of a reference. The law does not
consider referees a proper tribunal for the decision of legal
questions. If it be seen by the court that such questions
will arise before them, the uniform course is to deny a ref-
erence.

*Curia, per* WOODWORTH, J. The first objection is, that the covenant declared on was not sufficiently proved. When produced, it appeared that the names of the defendant and the subscribing witnesses had been broken off. The plaintiff proved that it was entire when the suit was commenced. It had been delivered to his attorneys, who made a copy, and returned the original to the person with whom it had been deposited for safe keeping. The depositary afterwards delivered it to the defendant, where it remained a long time. After it was returned, he discovered that the names of the defendant and witnesses were missing. The execution was fully proved. For aught that appears, the mutilation may have taken place after issue joined. From the facts stated, the presumption is, that it was after the plaintiff had declared. The objection was properly overruled.

It was then contended, that there was a variance between the contract produced, and the declaration. The latter sets out, *in consideration that the plaintiff had by the agreement, granted to the defendant, the immediate, quiet and peaceable possession of the premises, together with the yearly rent, that is to say, the one half of the rent then become due, for the privileges of a fulling mill and pond, &c.* The covenant is in these words : " all of which premises, the defendant *is to have* the immediate possession of, together with the yearly rent, or that is to say, *the half of the rent to become due,* on the premises bargained to be conveyed to *Colwell* and *Scott,* which said rent is due for the privilege of a fulling mill and pond." The word "granted," in the declaration, is intended to describe the consideration for the defendant's covenant. It will be seen, by looking at a previous part of the covenant, that it contains the following clause : " The said *Richard,*" (the plaintiff,) "doth convey, relinquish, and give up," &c. This applies to all the premises contracted for by the defendant. Subsequently, follows the clause, that the defendant *is to have the immediate possession, &c.* I think the word *granted,* as used in the declaration, is to

be understood in a popular sense ; and not according to the strict technical meaning of the term, when used in a deed. It is an allegation, that the plaintiff had parted with his right. But even on a strict construction, the declaration is warranted by the covenant. If the plaintiff actually conveyed the premises, as the covenant states ; and further added, that the defendant was to have immediate possession, he has done enough to allow the pleader when describing the transaction, to say, "the plaintiff granted the immediate possession."

With respect to the clause relating to the rent, there is a variance. By the declaration, it would seem that the defendant was entitled to one half the rent *that had become due when the covenant was executed.* The instrument itself says, " rent *to become* due ;" having reference to subsequently accruing rent only. The oyer served on the defendant's attorney is correct in this particular. The plaintiff's attorney testifies, that the variance was a clerical mistake in copying ; that the draft of the declaration, and the nisi prius record, (this cause having been noticed for trial at the circuit before it was referred,) describe the rent as in the covenant. My construction of the instrument is, that the defendant was to have one half of the rent that should thereafter accrue, on the premises which had been bargained to be conveyed to *Colwell* and *Scott.* What was the yearly rent, or at what time it commenced, does not appear. The defendant states the difference in amount, between a calculation on the basis of the rent as *then due,* and the rent *to become due ;* but it is not stated how much was allowed on this account. We cannot, therefore, determine whether injustice has been done by the referees. The objection, then, is merely technical. The defendant has not been surprised. The oyer was a true copy of the covenant, which was given in evidence. On that, the plaintiff relied as the ground for a recovery. It is now the well settled practice, that the court will not allow a formal objection to defeat an action ; but will suffer the party to amend in any stage of the cause. The inclination of the court has been to allow the judge at the

trial to amend the pleading objected to, when it was evident that no injury would be sustained by the party making the objection, other than the depriving him of the mere formal advantage. Such a course is approved by *Bayley*, J. in *Halhead* v. *Abrahams*, (3 *Taunt.* 81.) We have not found it necessary, that a single judge should exercise this power. We will apply the remedy even after trial, by allowing amendments in furtherance of justice, as to mistakes arising from clerical errors; provided, however, that no injury is thereby sustained by the party opposing the amendment. This doctrine is settled by the cases of *Lion* v. *Burtis*, (18 *John.* 510,) and *Jansen* v. *Ostrander*, (1 *Cowen*, 670,) and in other cases not reported. In this case, the principle should be applied ; as the defendant has not been deprived of any defence on the merits.

The variance between the oyer and covenant, by inserting "*north east*," in the former, instead of "*east*," as in the original, is not available ; nor was it urged on the argument.

The next variance alleged is, that by the covenant, the defendant was to pay the $1500 in manner following : in the first place, to deduct what the plaintiff owed to the defendant, and the debt the plaintiff owed *S. Scouten*, provided he should transfer it ; and then the remainder, in three equal annual payments. Upon a close examination of the declaration, I do not find the objection well founded in point of fact. I think it describes the manner of payment substantially, and indeed, almost literally, as in the covenant. If it were otherwise, the only effect would be to impose on the plaintiff the costs of the amendment.

There is another objection for variance, set out in the affidavit of Mr. *Parker*, one of the attorneys for the defendant ; but as it was not made a point on the argument, I presume it is not relied on.

The last objection is on the merits. In the defendant's accounts, offered by way of set off, there is a charge of 106 dollars, advanced the 19*th* of *August*, 1818. In explanation of this charge, the plaintiff produced and proved

a receipt, given by the defendant to the plaintiff, for a note or obligation against *Abraham R. Knapp*, for 325 dollars, to collect and account for. Upon the receipt was endorsed the sum of 106 dollars received by the plaintiff. It appeared that this was the money charged in the account. For the purpose of showing that the charge was paid, and reducing the balance claimed by the defendant as a set off, the plaintiff proved that *Knapp* had given six notes to six heirs, of whom the plaintiff was one. The witness testified that he had seen all the notes in the possession of *Knapp*, the maker; and understood the concern was settled. This was certainly, *prima facie*, evidence, that the defendant had collected, or parted with the note. Nothing appears to have been offered by the defendant to resist this inference. In adjusting the account, the referees properly allowed the amount of the receipt as a credit to the plaintiff.

My conclusion is, that, as to the objection well taken for variance, the plaintiff be permitted to amend, on payment of the same costs as if the amendment had been made previous to the hearing of the cause before the referees; (a) and that the motion to set aside the report of the referees be denied.

Rule accordingly.

(a) This is the amount of costs, allowed on amendments of the like nature, by the English C. P. (*Halhead* v. *Abrahams*, 3 *Taunt*. 81.) When amendments are made at the trial, they are made without costs. (*id.*)