Carpenter
v.
Payne.

and the rule setting aside the default being obtained by default, no one appearing to oppose.

---

## CARPENTER *vs.* PAYNE.

Where a defendant, who has a defence on the merits, relies upon a variance between the declaration and an instrument declared on, and does not prepare for trial, and the circuit judge disregards the variance and permits the plaintiff to take a verdict, the court will not permit the plaintiff to amend without vacating his verdict; but he will be permitted to do so without costs.

February 6.        THE plaintiff declared on a submission to arbitration and an award in pursuance thereof; he alleged that the submission was of all matters in difference between the parties, and also all matters in difference between the late firms of S. Payne & Co., *A. Payne & Co.,* and S. & A. Payne, of which firms respectively *Samuel Payne,* the defendant in this suit, was a member. On the trial, the plaintiff produced a submission corresponding with that declared on, except that the words *N. Payne & Co.* stood in the place of *A. Payne & Co.,* the latter words having been erroneously stated in the declaration, i. e. the letter *A.* having been substituted for *N.* The defendant objected to the variance, but the circuit judge overruled the objection, and a verdict was rendered for the plaintiff. The defendant made a case to move for a new trial. The plaintiff now moved to amend the declaration and circuit roll, and

make it conformable to the proof. The motion was resisted on an affidavit of the defendant, stating that he had a good defence on the merits, but that under the advice of counsel, relying upon the variance, he had not prepared for his defence.

*A. Sampson*, for the plaintiff, said that this manifestly was a mere clerical error, and the plaintiff should be allowed to amend. He cited 1 *Cowen*, 131, 2 *id.* 515, 4 *id.* 124, 7 *Wendell*, 484.

*I. L. Wendell*, for the defendant, admitted that the cases cited would justify an amendment, were it not for the fact that the defendant had relied upon the variance, and therefore had not availed himself of his defence on the merits. This is the test by which the right to amend is to be determined. 18 *Johns. R.* 510. 6 *Cowen*, 367. 7 *id.* 517. 1 *Wendell*, 72.

*By the Court*, SAVAGE, Ch. J. This is a mere clerical error, and the plaintiff is entitled to amend; but the defendant swearing to a defence, and that, relying upon the variance, he omitted to prepare for trial, we cannot permit the verdict to stand. The defendant ought not to have availed himself of the technical error in the declaration, but should have put forward his defence; still, strictly he might take the course which he has adopted, and all we can do is to relieve the plaintiff without subjecting him to costs. Let a rule be entered that the plaintiff have leave to vacate his verdict, and to amend his declaration without costs.