### JOHN HARE vs. GEORGE W. WHITE.

Where Plaintiff makes application to amend the summons and complaint under the 149th section of the code, after an answer has been put in, and before notice of trial, he must pay the Defendant, as terms of amendment, the costs allowed by statute, for his "proceedings before notice of trial," as allowed by § 262, (being $5,) and costs of resisting motion to amend, ($10,) and such disbursements *as are chargeable by statute against the unsuccessful party.*

*Held,* that a claim of $6 by Defendant in such a case as expenses of counsel in attending upon the taking of testimony *de bene esse* on the notice of the Plaintiff, before motion to amend, was not a disbursement chargeable by statute against the unsuccessful party.

*At chambers, before Justice* PARKER, *Albany, Sept.* 22, 1848.—This was a motion on the part of the Plaintiff to amend the summons and complaint in this cause under the 149th section of the code of procedure. It appeared by the affidavits presented on the hearing of the motion, that the suit was commenced since the first day of July, and that an answer had been put in on the 11th August last, and that subsequently the testimony of a witness had been taken *de bene esse* on the part of the Plaintiff.    The Plaintiff's attorney showed by his affidavit that he had misunderstood the nature and full extent of the Plaintiff's claim when he drew the summons and complaint, which he now sought to amend.

The Defendant's counsel objected, that the amendment proposed would substantially change the cause of action, and therefore ought not to be allowed.

He also insisted that if the amendment was allowed, the Plaintiff, in addition to paying the costs fixed by statute, ought to pay the actual expenses incurred by counsel while engaged ten days in attending the taking of the testimony, *de bene esse*, on the part of the Plaintiff.

P. CAGGAR, *of Counsel, and*

J. S. FROST, *Attorney for Plaintiff.*

DEWITT C. BATES, *Attorney and of Counsel for Defendant.*

PARKER, Justice—Decided that the amendment ought to be allowed, and granted the motion, on the Plaintiff's paying $5 to Defendant for his "proceedings before notice of trial," as allowed by the 262d section, and also $10 for costs of resisting the motion, as provided by section 270. The Defendant to have leave to answer to the complaint as amended. The justice decided the $6, claimed by the Defendant, not being a disbursement chargeable by statute against the unsuccessful party, ought not to be included in the terms imposed on the Plaintiff. That in cases of amendment under the 149th section, the party asking to amend ought to be required to make the opposite party good, by paying him the fees as fixed by statute for the additional expense which the amendment would render necessary.