By the Court. Bosworth, J.
In this action, the plaintiff seeks to recover for services rendered by him as the attorney and counsel of the defendant, in the defence of two suits. He puts his own estimate upon his services in his complaint, and states his own judgment of their value, and names in the summons and in his complaint an amount for which he prays judgment. His complaint being general, he furnished a bill of the particular items of Ms claim. In it were no charges for two matters allowed in the report of the referee.
A bill of particulars has the effect to restrict the proofs, and limit the recovery, to the matters set forth in it. It is regarded as an amplification of the pleading to which it relates, and is to be construed as forming a part of it. The order of reference did not authorize the referee to take proof of any matters not included in the bill of particulars. It follows, therefore, that the order confirming the report was erroneous, as the report allowed to the plaintiff two items of $25 each, viz. in one suit for “ Retaining fee and drawing answer,” and in the other for “ Negotiation ”—neither of which was included in the bill of particulars. That order should be reversed, if the appeal was taken within the time allowed by law.
Was it contrary to the uniform and settled practice of the courts to allow the plaintiff to amend his summons and declaration by increasing the amount of damages claimed, on the terms imposed by that order? In Dox v. Dey, 3 Wend. 356, the court refused to allow such an amendment after verdict, except upon the terms of the plaintiff’s abandoning his verdict, and paying the defendant’s costs of the trial, and of opposing the motion.
In Corning v. Corning, 2 Selden, 97, the judge, at the trial, *695 made an order after verdict, allowing the plaintiff to amend his complaint, by increasing the amount of damages claimed to correspond with the verdict. Judgment was thereupon entered corresponding with the verdict. The court at General ■Term, on appeal, reversed the order allowing the amendment, and ordered the judgment reversed, unless the plaintiff remitted the excess recovered beyond the amount claimed: The excess was remitted, and the judgment was then affirmed for the reduced amount. On appeal to the Court of Appeals it was decided, that after verdict the court had no power to amend a complaint by increasing the amount of damages, except upon the condition of the plaintiff’s relinquishing his verdict, paying the costs of the trial already had, and consenting to a new trial.
This amendment was not made after verdict, but was made after the report of a referee had been confirmed, which fixed the amount of the plaintiff’s recovery, unless it should be reduced on some ground other than the reasonable worth of the plaintiff’s services. The value of the services, unless shown to have been so negligently and unskilfully performed, as to have prejudiced the defendant, was no longer an open question after the report had been confirmed. The principle of the rule declared in Corning v. Corning would seem to be as applicable to the report of a referee as to the verdict of a jury.
It seems to be a just rule to apply to a case in which a plaintiff seeks to amend solely to enable him to recover for an ordinary service, in conducting a suit as attorney and counsel, for which he did not see fit to make a special and separate charge or claim in his bill of particulars. There is no pretence that he omitted to make such charge inadvertently, or by oversight, or that he supposed the terms of his bill of particulars were broad enough to enable him to make proof of it on the trial. The order did not allow the bill of particulars to be amended. Neither did it require the plaintiff to pay the costs of the first reference, or provide that in any event the costs of that reference, and of resisting the order to amend, should be recovered by the defendant. It declared that the plaintiff’s right to them should abide the event of the suit. We think this order should be reversed.
*696 We see no reason for interfering with the order denying the motion, to modify the order staying plaintiff’s proceedings until the decision of the appeals taken by the defendant.
As to the motion to dismiss the appeal taken from the order of July 1st, 1854, it is obvious that the’appeal was taken from the order of June 26, 1854, as resettled on the 1st of July.
Instead of making an order on the 1st of July, by its terms modifying the order of the 26th of June, so as to make two separate orders, the order of the 26th of June was resettled, portions of it were erased or expunged, and additional or substituted clauses were incorporated into it. As resettled, it became, and thence was, the only order in the action confirming the report. In that form it was entered on the 1st of July. It was in effect and in fact an order obtained on the plaintiff’s motion. He has not served a copy of it, as it was finally settled and entered. From an order, the party against whom it is obtained may appeal, within thirty days after written notice to him of the order. (Code, § 332.) Ho such notice having been served, it follows that the appeal was not taken too late, and the motion to dismiss it must be denied.
The orders of July 1st and August 7th, 1854, must be reversed, and that of the 18th of September, 1854, affirmed; and the order of July 1, 1854, must be so modified as to disallow the three items of $25 each, allowed by the report of the referee, being in the suit brought by Stone, for “ Retaining fee and drawing answer, $25and in the suit brought by Baskerville, for “Retaining fee and drawing answer, $25,” and for “ negotiation, $25and in all other respects confirming it, without prejudice to defendant’s right to prove on the trial any facts set up in his answer, which would justly entitle him to have the amount reported against him reduced. Ho costs of obtaining the orders, or upon the appeals, to be given to either party.