## SUPREME COURT.

### TURNER agt. HILLERLINE, PACKARD and FORD.

The plaintiff was allowed an *amendment* of the pleadings in the action by striking out the name of one of the defendants, after the cause had been brought to a hearing before the referee, and testimony taken.

The hearing was to continue before the same referee, (as no new party had been substituted,) and all the testimony taken applicable to the new state of the pleadings *to be deemed evidence in the action.* Privilege given defendant to amend his answer—plaintiff having privilege *to reply.*

The terms on which the amendment was allowed was, the payment by the plaintiff to defendant of $10 costs of opposing the motion, and $5 for proceedings before notice of trial; in case the defendant amended his answer, he was entitled to be indemnified for the additional expense to which he would be subjected by the amendment.

*Schenectady Special Term, May,* 1856.

MOTION to amend the pleadings by striking out the name of the defendant Ford as a party.

This was an action by plaintiff, on a demand of plaintiff and one Leavitt, for work, labor, &c., against the three defendants, who conducted business under the name of Joseph Hillerline & Co. The complaint alleged the assignment, by Leavitt, of his interest in the demand to plaintiff. The summons was

served on Hillerline alone.    Hillerline put in an answer alleg-
ing that he and Packard were the only members of J. Hillerline
& Co., and denying the indebtedness of defendants to the plain-
tiff; and setting up a set-off of a demand of Hillerline & Co.
against the plaintiff and Leavitt.    The cause was referred, and
on the trial it appeared that Ford was not a member of the firm
of Hillerline & Co.    The hearing was adjourned by the referee
to enable the plaintiff to move to strike out the name of Ford
as a party to the action.

CLARK B. COCHRANE, *for plaintiff.*
S. C. JOHNSON, *for defendants.*

PAIGE, Justice.    The 173d section of the Code expressly
allows an amendment of the pleadings in an action by striking
out the name of any party.

In *Mayhew* agt. *Robinson*, (10 *How. Pr. R.* 162–167,) which
was an action for goods sold, the supreme court of the 8th dis-
trict, at a general term, on an appeal from the decision of the
referee against the defendants, allowed an amendment of the
pleadings, by adding the name of another party as a defendant
—it appearing on the trial before the referee that the goods
were sold to the original defendant jointly with the person who
was made an additional party, the terms imposed were the pay-
ment of the costs of the trial and of the appeal.

In *Bemis* agt. *Bronson*, (1 *Code Rep.* 27,) EDMONDS, Justice,
under the Code of 1848, in an action of assumpsit, after the
plaintiff had closed his case, and a motion for a nonsuit had
been made, gave the plaintiffs leave to amend by striking out
the name of one of the defendants.

In this case, the action is still pending before the referee;
and it appears by the evidence introduced that Ford was not a
party to the contract on which the action was brought.    It is a
proper case, therefore, for the exercise of the power of amend-
ment, under § 173 of the Code.    An order may be entered
striking out the name of the defendant Ford from the pleadings,
wherever it occurs therein.

As no new party is made to the action by this amendment, the order of reference should not be vacated by the amendment. The hearing must be continued before the same referee, and all the testimony already taken, applicable to the new state of the pleadings, must be deemed evidence in the action. Hillerline may amend his answer in such manner as he shall be advised is proper; and, if necessary, the plaintiff may reply thereto.

It is not proper, on this motion, to consider whether the assignment of Leavitt is sufficient to transfer his interest in the demand against Hillerline & Packard.

The terms on which the amendment asked for is allowed must be the payment, by the plaintiff to Hillerline, of $10 costs of opposing this motion, and also $5 for proceedings before notice of trial, in case the defendant Hillerline amends his answer. (3 *How. Pr. R.* 296.) Hillerline is entitled to be indemnified for the additional expense to which he will be subjected by the amendment.