# SUPREME COURT.

THE UNION BANK agt. JACOB H. MOTT and GARRETT S. MOTT.

Where pending the trial of an action the court allows the plaintiff to *amend his complaint* by inserting a new count for a second and *separate cause of action,* the defendant has a right to have such amended complaint served upon him in the usual manner, and the legal right to *answer* or *demur* to the same as in other cases. And such an *order* affects a substantial right which may be *reviewed* on appeal, and will be reversed where the defendant has been deprived of such right.

And where such order, without the consent of the defendant, provides that the testimony already taken on the first hearing be adopted on the further hearing under the amended complaint as testimony in the case, under the pleadings as amended, it is sufficient cause for *reversal* of that part of the order. Such an order also invades a substantial right of the defendant and is *appealable.* (*This decision reverses in part that made at special term in this case, ante page* 114.)

Where such an amendment of the complaint is made, the defendant should be allowed at least a *trial fee* and his *disbursements.*

*New York General Term, June,* 1860.

INGRAHAM, MULLIN and E. DARWIN SMITH, *Justices.*

THIS action was commenced in March, 1859. The complaint charged the defendants with an indebtedness of $141,586, for moneys fraudulently obtained from plaintiff between the first day of January, 1849, and the 16th day of March, 1858, by means of overdrafts and false entries in the books of account of the plaintiff, in collusion and with the aid of a book keeper in the employ of the plaintiff during that time.

A judgment was obtained by default against Garrett S. The default was afterwards opened on terms, but the judgment ordered to stand as security. Both defendants, by separate answers, denied the complaint and set up the statute of limitations. After answer, the defendants were arrested and held to bail in the sum of $142,000.

The cause was by consent referred, and on the hearing before the referee the evidence given covered the whole

period stated in the complaint, from which it appeared that the plaintiff was an institution organized under the general banking law, in December, 1852, and commenced business January 1st, 1853; that the institution known as the Union Bank, existing before the last date, was chartered in 1811, by the name of The President, Directors and Company of the Union Bank of the city of New York, and that said charter expired, and said bank ceased to exist, on the last day of December, 1852, that all the claims against the defendants but $1000 occurred previous to 1853, and were held by the plaintiff as assignee.

Upon the close of the proof, it was insisted that under the complaint the plaintiff was not entitled to recover for any claim accruing prior to 1853. The plaintiff claimed that the referee should conform the pleadings to the facts proved, but he declined.

The plaintiff then moved before the referee for leave to amend the complaint, by inserting another count for the claim accruing prior to 1853 as assignee. This motion the referee granted. The defendants obtained an order for the plaintiff to show cause why the said order of said referee should not be vacated; and after hearing, said order was set aside, with liberty to plaintiff to apply to the court by motion for leave to amend. (*See* 18 *How. Pr. R.*) The motion to the court to amend was made and decided at special term in May, 1860. (*See ante page* 114.) From this decision an appeal was taken by the defendant, Garrett S. Mott, to the general term.

DUDLEY FIELD, *for appellant.*

1. The court has not the power to grant this amendment. A judgment has been recovered, and the trial now pending is for the sole purpose of determining whether that judgment shall be enforced, and if so, to what extent.

The court could not insert a new cause of action into

the judgment roll now on the records of the court, and if it could not do that it cannot make this amendment, because it cannot do indirectly what it cannot do directly. A new cause of action now interposed may give the plaintiff a lien under that judgment for a cause of action not contained in its record; and for which, for aught the record would show, a new action might be instituted. (*Miller* agt. *Eagle Life Ins. Co.*, 3 *E. D. Smith*, 184; *Pierce* agt. *Thomas*, 4 *E. D. Smith*, 356; *Swartwout* agt. *Curtis*, 4 *Comst.*, 415; *Hanemair* agt. *Waterbury, Mss. Sup. Ct.*)

2. If the court had the power to amend the complaint in these circumstances, the amendment must distinguish between the different causes of action. Two counts for the same cause are not allowable under the Code. If a second cause of action be inserted for $140,000, the first must be reduced to $1,000. (*Whittier* agt. *Bates*, 2 *Abb.*, 477; *Stockbridge Iron Co.* agt. *Mellor*, 5 *How.*, 439; *Churchill* agt. *Churchill*, 9 *How.*, 552; *Lacky* agt. *Underhill*, 10 *How.*, 155; *Dickens* agt. *N. Y. Cent. R. R.*, 13 *How.*, 228; *Ford* agt. *Mattice*, 14 *How.*, 91.)

3. The amended complaint must be verified. The court has not the power to dispense with the verification—a pleading cannot be sworn to in parts; either the whole is sworn to, or none of it is sworn to. (*Code*, § 156–157.)

4. If the amendment be made, the defendant has the right to answer the amendment. A new cause of action being inserted, he cannot be deprived of the right of pleading to it in his own way.

5. If the court would impose an answer on a defendant, it would not deprive him of an answer altogether. In the present case, the allegation of an assignment from one bank to the other is not denied, and would stand admitted.

The plaintiff's counsel appears to suppose that the second and third articles of Garritt G. Mott's answer would put all the allegations of the new cause of action in issue. This is a mistake. A denial of indebtedness, stand-

ing alone, does not tender an issue upon a material fact. It is only good when taken in connection with the denials of the facts out of which the indebtedness would arise. It would be necessary, in answer to the new cause of action, to follow up the denial of indebtedness by denials of the facts; namely, in the obtaining of money from the old bank by over-drafts upon that bank, and the assignment to the plaintiff before the commencement of this action.

The limitation set up in the eighth article of the answer is also inapplicable to the original demand.

An answer which denies that the plaintiff is entitled to the money demanded will be struck out on motion. It contains nothing which can be called the statement of a fact. The court of appeals, in *Allen* agt. *Patterson*, (3 *Selden*, 476,) distinctly recognized the duty of a pleader distinctly to aver or state every fact on which he relies to support the legal proposition upon which his right to maintain or defend the suit is dependent. (*Drake* agt. *Cockroft*, 10 *How.*, 377.)

A denial which only controverts a conclusion of law, is bad. (*Seely* agt. *Engell*, 17 *Barb.*, 530; *Russell* agt. *Clapp*, 4 *How.*, 347; *Gleny* agt. *Hitchins*, 4 *How.*, 98; *McMurray* agt. *Gifford*, 5 *How.*, 14.)

6. The order of reference was by consent, and referred to the issues then existing; the court can only extend the defendant's consent to a reference of other issues, not anticipated by him when his consent was given.

JOHN FOOT, *for respondent.*

1. This court had full power to make the amendment. (§ 169, 171 and 173 *of Code; Hagins* agt. *De Hart,* 12 *How. Pr. R.*, 322; *Hall* agt. *Gould,* 3 *Kernan,* 134; *Prindle* agt. *Aldrich,* 13 *How. Pr. R.*, 466.)

The claim is not changed by the amendment asked and allowed. The claim is the relief sought. The cause of action is the statement of facts.

Union Bank agt. Mott.

An amendment of a complaint, though it change the cause of action, will be allowed if the claim remain the same. (*Chapman* agt. *Webb*, 6 *How. Pr. R.*, 390; *Prindle* agt. *Aldrich*, 13 *How. Pr. R.*, 466.)

A variance between pleadings and proof, sufficient to defeat the action or destroy the defence, must leave the case unproved in its entire scope and meaning. If left unproved in some particulars, it is a subject of amendment. (*Fay* agt. *Grimstead*, 10 *Barb.*, 330.)

In this case the referee decided the proof complete with respect to $1,000 of the claim. The balance if left unproved is, therefore, the subject of amendment. Further, full proof has been given in respect to the balance of the claim, and the assignment of the claim was proved before the referee. All that is asked, is an allegation setting it forth in the complaint to conform the pleadings to the facts proved.

The issue is not changed. The old complaint covers the money claimed and mentioned in the amendment. The defendants' answers fully meet the amendment allowed. The defendants, to show that they were not indebted, proved the existence of the old bank. The plaintiff, to meet and rebut that fact, showed the assignment to the plaintiff. The defendants attacked its legality. Full proof has been given respecting it. All that was asked, was to conform the pleadings to the facts proved before the referee.

2. The amendment allowed at special term was so allowed after full argument and proof of its necessity to the plaintiff's case, and it should not be altered in its terms by this court.

By the court—E. DARWIN SMITH, Justice. The first question presented upon this appeal is whether or not the order of the special term is reviewable. The power of this court to amend a complaint in any stage of the action by allowing the plaintiff to insert a new count therein can-

not be doubted. An application for leave to make such amendment is addressed to the sound judicial discretion of the court. The exercise of this discretion is among the most embarrassing duties cast upon the courts, and yet its existence and exercise is indispensable to the proper administration of public justice.

It is well settled law that orders resting in discretion cannot be reviewed upon appeal. But this doctrine is obviously subject to some limitation. The discretion which is confided to the courts is not an arbitrary and capricious discretion. It is a power regulated by legal principles, and which cannot be used for the purpose of injustice or oppression. An order in an action which the court may in its discretion grant or deny, clearly cannot be reviewed upon appeal unless in the *terms* which it imposes, or upon which it is granted, it invades " *some substantial right*," or transcends the limits of legal discretion.

Courts constantly exercise the power when a party has made a slip in his proceedings, or is in default, and asks a favor to grant such favor upon conditions that the party asking it waive some strict legal right,—such as that he consent that a judgment be entered to stand as security,—that he consent to refer a cause not referrable; that he take short notice of trial; that he indemnify the opposite party by the payment of costs, and other like equitable terms.

In such cases the order is not appealable. But this rule only applies as against the party asking for a favor. A party asking no favor of the court, and standing upon his strict legal rights, and who has been guilty of no default, cannot be required to waive any of those rights, and they cannot be taken away from him by the court without his consent. It is because I think the order granted at special term violates this principle that I think it may so far be reviewed upon appeal.

Union Bank agt. Mott.

When the trial was arrested before the referee and the amendment granted by him was allowed, the defendants had really succeeded in successfully defending the suit to the extent of the whole claim of the plaintiffs except the sum of $1,000. The plaintiffs then asked to insert a new count in their complaint to cover a claim for the sum of $141,586, which they had acquired by purchase and assignment. We agree with Judge ALLEN, that the referee had no power to allow such an amendment, and that it was not a case of variance, and was not such an amendment as should be allowed on the trial of a cause; but the *court* could undoubtedly allow such amendment upon proper terms. But when the plaintiffs asked and were allowed to insert such new count for a second and separate cause of action, we think the defendants had the right to have such amended complaint served upon them in the usual manner, and had the legal right to answer or demur to the same as in other cases. Of this right they were deprived by the order made at special term, extending the answer to such amended complaint.

I cannot conceive upon what ground the defendants could be lawfully deprived of this right. It seems to me it was just as absolute as though a new suit had been commenced for this $141,585. The right to answer or demur to a complaint, or to an amended complaint inserting an entire new cause of action, is a strict legal right, and the court cannot take it away from any person, not in default, who is prosecuted in a suit at law.

The defendants did not, in this case, ask any favor. They were not before the court, therefore, in any position to be required to waive any legal rights, or to submit to any equitable terms. It may be that the right to answer over would be of no practical use to them; but that is a question the court cannot decide for them. They are entitled to decide it for themselves upon the advice of their counsel.

The order deprives them of this right, and so far, I think, it *affects a substantial right*, and within the spirit and intent of subdivision number 3 of section 349 of the Code, is reviewable upon appeal.

The provision in the order also, that the testimony already taken on the first hearing be adopted on the further hearing under the amended complaint, as testimony in the case under the pleadings as amended, also, I think, invades a substantial right of the defendants.

If such evidence was pertinent to the new issue to be formed, and the defendants were satisfied to have it received upon the trial of such issue; and if they had fully cross-examined the witnesses of the plaintiffs—they probably would do so—it might have been with their consent, and doubtless would, in fact, with such consent, have been so used and applied. But I cannot see what power the court has, arbitrarily and without such consent, in opposition to the wishes of the defendants, to order that it shall be so received and used.

As we think the order as it stands cannot be sustained, the question is presented whether we shall reverse or modify it. Ordinarily the court of review should in such cases make such order as the court below, in its opinion, should have made. The order, so far as it grants leave to amend, is right and should be affirmed; but as the question of *terms*, except as hereinbefore considered, has not been particularly discussed here, I should have preferred simply to reverse the order and leave the court at special term, upon a hearing of the parties, to make such new terms as may be proper in view of our decisions. But the press upon the courts in this city, in respect to this particular class of business, is so great that it is quite undesirable and inexpedient to send cases back to special term unless it is indispensably necessary so to do.

The rule in all cases of the amendment of pleadings is, that the amendment shall not be made at the expense of

the opposite party, and that he be indemnified for all additional expense involved in such amendment.

The amendment in this case upon strict right, and unless the defendant consents to use the testimony before taken by the referee upon the new issues to be found, involves virtually a new trial of the cause.

We think, therefore, the amendment should not have been allowed without payment at least of a trial fee, and the disbursements incurred by the defendants. The order above should therefore, so far as it extends the answer to the amended complaint, and adopts or applies the testimony taken before the referee to the issues to be made by the amended pleadings, be reversed with $10 costs, and that the residue of said order be affirmed upon the payment of a trial fee and the disbursements incurred by the defendants for witness fees, printing expenses, and other disbursements on such trial and since. The plaintiffs to serve their amended complaint in the usual manner, making such amendments as they may be advised, and the defendants to have the usual time to answer or demur to such amended complaint; and it is so ordered.

MULLIN, J., concurred.

———◆◆———

## SUPREME COURT.

BENJAMIN H. MORSE agt. NICHOLAS SWITS and GEORGE G. MAXON.

Every person who makes a *public representation* which *he knows to be false*, and upon faith in which any one has been led into a business transaction, and *acted* upon such false representation to his loss, the party making it shall answer to him for the *damages*. He shall not be at liberty to sow *falsehood broadcast*, without being responsible for the *loss* it causes.

Therefore, where it was alleged that the defendants, the *president* and *cashier* of a *bank*, in making and publishing the quarterly report of the resources and liabilities of the bank, required by statute, made a statement of the condition of