### Yates vs. French and another.

PLEADING: *Amendment of complaint after answer filed; rule as to answering anew.*

1. An answer filed to the original complaint will stand as an answer to the complaint as thereafter amended, unless defendant answers anew.
2. *It seems* that if defendant answers anew the amended complaint, his original answer is to be considered as abandoned, and may be stricken from the files, on motion.

APPEAL from the Circuit Court for *Milwaukee* County.

On commencing this action against *French* and *Miller,* plaintiff had certain property of the latter attached; and

*Miller* procured the property to be released from the attachment, by giving an undertaking with sureties as provided by statute. An answer to the original complaint was duly filed, and served February 13, 1869 ; and two days afterward the plaintiff served an amended complaint, differing from the former only in the amount of damages claimed. On the 16th of April, following, plaintiff notified defendants' attorneys that he had entered the default of defendants, and, on the second day of the next term (April 27th), would apply to the court for the relief demanded in the complaint. On the 6th of May, plaintiff took an inquest in the cause, before the court and a jury, and had judgment entered in his favor against the defendant *Miller* for the amount of damages assessed by the jury. Afterward, at the same term, the defendant *Miller* moved to set aside the judgment for irregularity ; one ground for the motion being, that *Miller* was not in default, but had served his answer, and there was an issue pending between him and plaintiff at the time said judgment was rendered. It appeared from the affidavits used upon the hearing of this motion, that the sureties on *Miller's* undertaking had *paid* the judgment. The court refused to set the judgment aside, and the defendants appealed.

*John W. & A. L. Cary*, for appellants, contended, among other things, that the plaintiff could not amend, as of course, by increasing the damages demanded, the complaint as thus amended being irregular, because at variance with the summons (*City of Fond du Lac v. Bonesteel*, 22 Wis. 251) ; that the answer purporting to be by both defendants was good as an answer of both, although verified only by *French ;* that it was good as an answer to the amended complaint, and that the *payment* of the judgment, as it would not prevent a review on appeal or writ of error (*Clowes v. Dickenson*, 8 Cow. 328 ; *Dyett v. Pendleton*, id. 325 ; *Higbie v. Westlake*, 14 N. Y. 281 ; *Erwin v. Lowry*, 7 How. (U. S.) 172 ; *Merriam v. Haas*,

3 Wall. 687; *U. S. v. Dashiel*, id. 688), so it was no reason why the judgment should not have been vacated.

*Peter Yates*, respondent, in person, contended that the answer, verified by *French* alone, is not the answer of his co-defendant *Miller\** (1 Whitt. Pr. [2d ed.] 332, 471); that the complaint was properly amended (1 Van Santv. Pl. 364; *Merchant v. N. Y. Life Ins. Co.*, 2 Sandf. 669); that the statute required an answer to the amended complaint (R. S., ch. 125, sec. 7); that to set aside the final judgment, only, leaving the entry of default and the inquest, would be of no substantial benefit; and that the relief should not be ·granted after a voluntary payment of the judgment by the sureties.

DIXON, C. J. The single question is, whether the defendants were required to answer *de novo* after amendment of the complaint, or were at liberty, if they saw fit, to let their answer to the original complaint stand as their answer to the amended one. The complaint was amended, as of course, under sec. 36, ch. 125, R. S., after the answer was put in, but the matters in issue remained unchanged. Nothing new was set up by the amendment requiring a new or different answer from the one made to the original complaint. The amendment consisted only in changing the *ad damnum* clause. The amount of damages claimed was increased, but the cause of action was the same in both complaints, and the bill of particulars attached to each, identical. The practice in the English courts is thus stated by Mr. Tidd: "On amending the declaration in the king's bench, after plea pleaded, the defendant is *at liberty* to plead *de novo*, if his case require it, and has two days allowed him for that purpose, after the amendment made and payment of costs. * * * But in

---

\*The verification by *French* simply states "that he is one of the defendants named in·and who makes the foregoing answer, and that said answer is true of his own knowledge." The respondent contends that the verification should have stated expressly that the party making it was "acquainted with the facts" *of the case.* R. S., ch. 125, sec. 19.

the common pleas we have seen the defendant is enti-
tled, in all cases, on amending the declaration, to a new
four days' rule to plead. And in that court, after an
amendment of a declaration, the defendant is *at liberty*
to plead *de novo; that is, he may do so if he has occa-
sion or thinks proper*, but he is not obliged to vary his
first defense." 1 Tidd's Pr. 708. And the practice in
New York, prior to the enactment of the code, was very
much the same, though it would seem from *Barstow v.
Randall*, 5 Hill, 556, to have been somewhat unsettled.
The practice in the English courts is correctly stated in
the latter case to be, to allow a plea *de novo* in all cases,
at the election of the defendant; but the dictum of Judge
COWEN which immediately follows, that, upon filing the
amended declaration, all subsequent pleadings are con-
sidered as in effect stricken out, is wholly unsustained by
the text of Mr. Tidd referred to by him. The right of
the defendant to plead *de novo* or not, at his election,
implies, if he chooses not to do so, that his plea to the
declaration before it is amended shall stand as his plea
thereto after amendment, as the above extracts from Mr.
Tidd very clearly show the English practice to be. And
the learned judge seems also to have mistaken the earlier
decisions in his own state upon the subject. In *Saltus v.
Bayard*, 12 Wend. 228, the English practice was pre-
cisely followed. The plaintiffs there were allowed to
amend upon payment only of the costs of the motion,
*unless the pleas were withdrawn, or a new defense be-
came necessary in consequence of the amendment*, in
which case the costs of the pleas were also to be paid.
This indicates very plainly that a new plea was not, in
all cases, required, nor in any case, except as the defend-
ant found it necessary or proper by reason of new matter
introduced by the amendment, which he wished to con-
trovert or put in issue by his plea. He might, in any
case, refuse to plead anew, and in that event his plea
already filed was considered as a plea to the amended

Yates vs. French and another.

declaration. His neglect or refusal to plead anew within the time prescribed was an election on his part to have it so considered. On the other hand, his election to plead *de novo*, which was manifested by the filing and service of a new plea, was an abandonment of the former plea. The former plea or pleas were thenceforth regarded as in effect stricken out. They would be stricken from the case on motion. *Brown v. Railroad Co.*, 18 N. Y. 495.

This long-established and reasonable practice of the common law seems equally well suited to the code, which contains nothing in conflict with it. In New York we find no decisions made since the adoption of the code directly involving the question. Those decisions most nearly bearing upon it seem to sanction the common-law practice. *Kilts v. Seeber*, 10 How. Pr. 270; *Union Bank v. Mott*, 11 Abb. Pr. 42; *S. C.*, 19 How. Pr. 267. In this state the point has never before been presented. On the whole, we are inclined to adhere to the practice of the English courts of common law as laid down by Mr. Tidd. This we think the safest and the best, and that which must have been intended, in the absence of any provision of statute, or rule of court, to the contrary.

It follows from these views that the plaintiff was wrong in taking judgment upon the amended complaint as for want of an answer. The defendants, not having elected to answer over within the time prescribed by law, their answer to the original complaint was an answer to the amended one; and the issues thus joined should have been tried as in other cases. The court erred in refusing defendants' motion to set aside the judgment for irregularity; and the order must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.*— So ordered.