WILLIAM BRADLEY, RESPONDENT, *v.* MARGARET SHAFER AND ROBERT SHAFER, APPELLANTS.

*Torts — action against a married woman for enticing away and seducing a child — an amendment of the complaint, after verdict, including the husband in the demand for judgment — measure of damages.*

An action was brought, in 1889, by the father of an infant against Margaret and Robert Shafer, who were husband and wife, for the damages resulting from the loss of the services of the plaintiff's daughter, who had been seduced by the son of the defendants, in which the complaint alleged that Margaret Shafer enticed the girl to her house, was cognizant of the improper intercourse and wrongfully permitted it. It also alleged that the girl was seduced upon a promise by Margaret Shafer that her son should marry the girl, and demanded a money judgment against Margaret Shafer only.

The plaintiff recovered a verdict, after which the court allowed the complaint to be amended so as to demand judgment against both the defendants, and judgment was so entered.

*Held,* that this was improper.

That the husband of Margaret Shafer was a necessary party to an action of this nature, brought in 1889, and before chapters 51 and 248 of the Laws of 1890, relative to the rights and liabilities of husband and wife, and to parties to actions, were passed.

That it was error after verdict to create a judgment against Robert Shafer which was not demanded in the complaint.

That as, in 1889, the husband was jointly liable for the wife's torts he was a necessary party, and that the judgment must be wholly reversed since a judgment against the wife only was improper.

*Semble,* that if the jury found, as they might have done from the evidence, that Margaret Shafer connived at the enticing away and seduction of the girl, such seduction was an element of the damages proper to be considered.

APPEAL by the defendants, Margaret Shafer and Robert Shafer, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Albany on the 4th day of February, 1891, upon a verdict for the plaintiff for $2,500, after a trial at the Albany Circuit before the court and a jury; also from an order of the same court, entered in the same clerk's office on the same day, denying a motion made by the defendants for a new trial upon the minutes, on the grounds that the verdict was against the evidence, and that the damages were excessive; and also from an order of the same court, entered in the same clerk's office on the same day, by which

the prayer of the complaint was amended to conform to the facts proven, and so as to demand judgment against both the defendants.

The complaint was as follows :

The plaintiff, for a complaint in this action, respectfully shows to the court and alleges :

*First.* That the defendant Margaret Shafer is the wife of the defendant Robert Shafer, and that the defendants live together as husband and wife in the city of Albany, N. Y., and have for many years.

*Second.* That the plaintiff is the father of Mary A. Bradley, hereinafter named, who is under twenty-one years of age, and lives with the plaintiff at said city of Albany.

*Third.* The plaintiff alleges, upon information and belief, that during the fall of 1888 and winter of 1888–89 the defendant Margaret Shafer often came to the plaintiff's house and, without the plaintiff's consent or knowledge, coaxed and enticed the plaintiff's daughter, Mary A. Bradley, to go away from her home and parents and to go to the defendants' home ; and that the said Margaret Shafer promised and agreed to and with the said Mary A. Bradley that if she would remain at her house she would be a mother to her, and that she should be the wife of her son, George Shafer, who was then living at home and of marriageable age ; that to further her design of getting control of plaintiff's said child, and getting her away from her home and parents and at the home of the defendants, the defendant Margaret Shafer treated her as her child in many different ways ; made her different promises, and wrongfully and maliciously persuaded the said child away from her home and her parents.

*Fourth.* The plaintiff further alleges, upon information and belief, that by reason of the wrongful and malicious persuasions and inducements of the defendant Margaret Shafer, held out to the plaintiff's said child by her, without the plaintiff's knowledge or consent, and against the plaintiff's wishes, rights and interests, the said Mary A. Bradley frequently left her home during the time aforesaid and went and stayed at the defendants' home ; and that while she was at the defendants' home, living and sleeping in their house, the defendants' son George cohabited with the plaintiff's said child, and slept in the same bed with her, and carnally knew her as if they were man and wife, all of which the defendant Margaret Shafer well

knew, and ought to have known, and wrongfully permitted and brought about in her own house.

*Fifth.* The plaintiff further alleges, upon information and belief, that during the time aforesaid, and while the plaintiff's said daughter was at the defendants' home, and under the care of the defendant Margaret Shafer, she became, and still is, pregnant by the defendants' said son George, and that the plaintiff's said daughter was seduced by the promise of marriage to the defendants' said son George, made to her by the defendant Margaret Shafer and her said son George, and for that reason cohabited with the said George Shafer; and that the said George Shafer has secretly gone away, assisted and secreted by the defendant Margaret Shafer; and that the plaintiff cannot ascertain his whereabouts; and the defendant Margaret Shafer has refused to allow her said son to marry the plaintiff's said daughter since she became pregnant as aforesaid.

Whereupon the plaintiff and his family have been brought into disrepute, distress and public shame, and the plaintiff has been put to large expense, and has been and will be for some time to come, deprived of the services of his said child to his damage, $5,000, for which amount the plaintiff demands judgment against the defendant Margaret Shafer, and costs.

*Frank Kampfer,* for the appellants.

*Henry T. Sanford* and *Eugene Burlingame,* for the respondent.

PUTNAM, J.:

This is an appeal from a judgment in favor of plaintiff, entered February 4, 1891, and from an order denying a motion made to set aside the verdict and grant a new trial because the verdict is against evidence and the damages excessive, and also from an order allowing an amendment to the complaint after the verdict.

The action is for wrongfully and maliciously enticing plaintiff's daughter from the home of her parents to defendants' house, and there keeping her under the control of defendants against the wish and consent of plaintiff. She was seduced by defendants' son in the house of defendants, while thus kept away from her own parents.

The complaint in this case, after stating the plaintiff's alleged cause of action, contained the following prayer for judgment:

" Whereupon the plaintiff and his family have been brought into disrepute * * * to his damage $5,000, for which amount plaintiff demands judgment against the defendant Margaret Shafer and costs."

The trial judge in his instructions to the jury remarked, " The defendant Margaret Shafer, who is the real defendant here, although her husband is joined with her, that is because, as the law was when this action was brought, a married woman could not be sued for a tort alone, * * * so that in this case the husband was made a party only because the law required, in order to maintain the action, that he should be joined with his wife, she being a person against whom the tort is alleged."

The case states that " the jury returned a verdict in favor of the plaintiff for $2,500 damages." Afterwards, on motion of plaintiff, the court ordered " that the prayer of the plaintiff's complaint be and the same hereby is amended to conform to the facts proven, and so, as to demand judgment for damages against both defendants."

I think that this order was inadvertently granted by the court. It was made after the rendition of the verdict. The jury in bringing a verdict for $2,500 for the plaintiff rendered it in pursuance of the prayer of the plaintiff's complaint against the defendant Margaret Shafer. They did not and could not render such a verdict against Robert Shafer for the reason that no such verdict was claimed in the complaint. Hence the order of the court has the effect of creating a verdict against the defendant Robert Shafer that was not, in fact, given by the jury. It is well settled that after a verdict the complaint cannot be amended so as to increase the amount claimed. (*Bowman* v. *Earle,* 3 Duer, 695; *Decker* v. *Parsons,* 11 Hun, 296; *Dox* v. *Dey,* 3 Wend., 356; *Corning* v. *Corning,* 2 Seld., 104; *Pharis* v. *Gere,* 31 Hun, 443.)

In this case no recovery was demanded of the defendant Robert in the complaint, but the demand for judgment was expressly made against the defendant Margaret Shafer alone, and the complaint so remained until after the rendition of the verdict. The effect of the order was to increase the amount claimed from the defendant Robert from a nominal sum to $5,000. Within the above authorities this order was unauthorized. This action was begun in 1889, hence, chapter 51 and chapter 248 of the Laws of 1890 did not apply. (*Hill* v. *Duncan,* 110 Mass., 238, 239.)

Therefore, the husband was a proper and necessary party defendant in the action and judgment should be collected from him. (*Fitzgerald* v. *Quann*, 33 Hun, 652–658; *Fitzgerald* v. *Quann*, 109 N. Y., 441; *Mangam* v. *Peck*, 111 id., 401; *Bennett* v. *Bennett*, 116 id., 597.)

The complaint in this case should have been amended before the verdict. Doubtless the court, under section 723 of the Civil Code, on motion, could have allowed such an amendment at any time before the submission of the case to the jury. After the verdict, as we have seen, the court possessed no such power. The effect of such an amendment and of the order in question was to make a verdict for the jury never, in fact, rendered. Therefore, as to the defendant Robert Shafer the order in question and the judgment must be reversed and a new trial granted. But, as we have seen, the husband is a necessary party defendant. He is liable to pay the judgment. (*Fitzgerald* v. *Quann*, 33 Hun, 656–658.)

He is jointly liable with his wife. It is not a case where a separate verdict against either would be proper. Hence the orders and judgment should be reversed and a new trial granted as to both defendants. (*Pollock* v. *Webster*, 16 Hun, 104, and kindred cases.)

It is urged by defendant that there should be a new trial, because the damages were excessive. That the seduction of plaintiff's daughter by defendants' son did not properly enter into the question of damages. That for that injury plaintiff has a cause of action against George Shafer. The trial court instructed the jury that they had no right to give plaintiff a verdict, because defendants' son seduced the girl, unless they found that the mother did connive, did aid or did assist in bringing about the seduction, and either originally enticed the daughter away from the father for that purpose or subsequently entered into some arrangement to bring it about.

No exception was taken to the charge of the judge. Had an exception been taken I am not prepared to say that if the jury believed all that the witness Mary Bradley testified to, that they might not properly consider her seduction on the question of damages. According to this witness, Margaret Shafer persuaded, and, in fact, almost coerced her to leave and to remain away from her parents at the house of said defendants. Margaret knew of the seduction of the witness by her son the day it first occurred. She

knew that the witness and her son were having unlawful commerce in her house. She knew the bad character of her son. Yet she prevented the witness from returning to her parents, and knowingly kept her exposed to the solicitations of her son, making no effort to put a stop to the immoral intercourse going on. Margaret absented herself for days, leaving her son and the witness alone together. I am inclined to think that there was evidence in the case from which the jury might, if they believed the statements of the witness Mary Bradley, as they could, find that the witness, defendant Margaret Shafer, having induced this young girl to leave her parents and sojourn at her house under her care and charge, knowingly connived at the commerce between the girl and her son, which was carried on without objection on her part. I am, therefore, not prepared to say that the matter was not properly submitted to the jury by the learned trial judge, or that the jury, believing the statements of the witness Mary Bradley, could not consider the seduction on the question of damages, and hence that the verdict should be set aside on the ground that the damages were excessive.

But, for the reasons above stated, the orders and judgment should be reversed and a new trial granted, costs to abide the event.

HERRICK, J., concurred; MAYHAM, P. J., concurred upon the ground first stated in the written opinion.

Judgment reversed and new trial granted, costs to abide event.