## MORRISON v. L'HOMMEDIEU.

(Supreme Court, Appellate Division, Second Department. March 9, 1897.)

PLEADING—BILL OF PARTICULARS.

No recovery can be had in excess of the amount stated in the bill of particulars.

Appeal from judgment on report of referee.

Action by James Morrison against George A. L'Hommedieu, executor of the estate of James H. L'Hommedieu, deceased. Appeal transferred from the First to the Second department. There was a judgment for plaintiff, and defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

C. Bainbridge Smith, for appellant.
Jeroloman & Arrowsmith, for respondent.

PER CURIAM. This action is brought to recover a balance due upon a building contract, for extra work performed thereunder, and for damages sustained on account of a breach of the same by defendant's testator. In many respects the evidence is contradictory and the disputes serious. But, except as we shall hereafter indicate, we think there was evidence upon which the referee was authorized to allow the sums which he has allowed, and that in the main his findings require support at our hands. The referee has allowed the plaintiff the sum of $111 for car fare paid by the plaintiff for the transportation of workmen from the city of New York to Garden City, Long Island, where the work was prosecuted, upon the ground that such expense was necessarily incurred on account of the defendant's breach of the contract, which delayed the prosecution of the work to a time when plaintiff could only procure workmen by stipulating to pay car fare between such places. In the bill of particulars which plaintiff furnished, he stated this sum to be $68. The testimony does not disclose to whom or for whom he paid this extra car fare. One workman and two sons resided during the week at Garden City, returning to New York on Saturday night, and going back on Monday morning. The time book only shows the payment of car fare to the extent of $62; and it also shows that the plaintiff himself

traveled between New York and Garden City during all this period
of time, and his car fare would amount to the sum stated in the book.
The referee was, however, authorized to take the testimony of the
plaintiff that he paid money for car fare that should properly be al-
lowed to him.    But it cannot be so allowed beyond the sum of $68,
as stated in the bill of particulars.    Bowman v. Earle, 3 Duer, 691–
693; Ball v. Publishing Co., 48 Hun, 149.    The objection was taken
upon this ground when the proof was offered, and no amendment was
asked for or made.    Consequently it was not cured.    The item of
$185, for materials wasted, must also be rejected.    There is no alle-
gation in the complaint which covers this item, and the same was
not mentioned in the bill of particulars.

The judgment is therefore reversed, unless plaintiff stipulates to
deduct from the recovery by him the sum of $228, together with inter-
est thereon; and, if he so stipulates, then the judgment will be af-
firmed, without costs.